(December 31, 1924.)

## MARIE M. WUNDERLICH, Appellant, v. THE COEUR D'ALENE VULCAN MINING COMPANY, a Corporation, Respondent.

[232 Pac. 588.]

CORPORATIONS—EXECUTION SALE—RIGHT OF STOCKHOLDER TO REDEEM—EXPENSES—ATTORNEYS' FEES.

    1. In order to establish his right to redeem corporate property from an execution sale an individual stockholder must show that he first made a *bona fide* effort to have redemption made by the directors of the corporation, and failing there, made a like effort with the stockholders as a body; or, if he seeks to excuse his own default in that direction, he must show that such efforts to induce a redemption by the directors or stockholders would have been useless.

    2. A stockholder attempting a redemption without having taken substantially the course outlined above is not entitled to attorneys' fees or other expenses incident to an attempted redemption from execution sale against the corporation.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. W. F. McNaughton, Judge.

Action to recover for money expended for redeeming property of respondent from execution sale, including expenses. Judgment for plaintiff. *Modified and affirmed.*

Carlton Fox and John L. Fitzgerald, for Appellant.

Mrs. Wunderlich, as a stockholder, had a right to redeem from the execution sale. (*Wright v. Oroville Min. Co.*, 40 Cal. 20.)

When it appears that demand upon the corporation to do an act to preserve its property is useless, the stockholder may act without making such demand. (*Ryan v. Old Veteran Min. Co.*, 37 Ida. 625, 218 Pac. 381; *Smith v. Rader*, 31 Ida. 423, 173 Pac. 970; *Just v. Idaho Canal etc.*

Co., 16 Ida. 639, 133 Am. St. 140, 102 Pac. 381; *Wills v. Nehalem Coal Co.*, 52 Or. 70, 96 Pac. 528.)

The plaintiff was entitled to recover her expenses, including attorney's fees. (*Trustees v. Grenough*, 15 Otto (U. S.), 527, 26 L. ed. 1157; *Central R. R. etc. Co. v. Pettus*, 113 U. S. 116, 5 Sup. Ct. 387, 28 L. ed. 915; *Alemany v. Wensinger*, 40 Cal. 288; *Miller v. Kehoe*, 107 Cal. 340, 40 Pac. 485, at p. 486; *Clark v. Anderson*, 76 Ky. (13 Bush) 111; *Jenkins v. Commercial Nat. Bank*, 19 Ida. 290, 113 Pac. 463; *Commercial Trust Co. v. Idaho Brick Co.*, 25 Ida. 755, 139 Pac. 1004; *Stone v. Omaha Fire Ins. Co.*, 61 Neb. 834, 86 N. W. 468; *In re Creighton's Estate*, 93 Neb. 90, 139 N. W. 827.)

James E. Gyde and Donald A. Callahan, for Respondent.

Before Mrs. Wunderlich, as a stockholder, could redeem this property, it must appear that she had exhausted all of the means in her reach to get the corporation to redeem it, where time permitted. (Fletcher on Corporations, pp. 6872, 6873; 2 Clark & Marshall on Corporations, p. 1690; *Hawes v. Oakland*, 104 U. S. 450, 26 L. ed. 827; *Dunphy v. Travellers' Newspaper Assn.*, 146 Mass. 495, 16 N. E. 426.)

A corporation must act through its board of directors, and neither Mrs. Wunderlich nor any other stockholder had any right to redeem this stock. (3 Fletcher on Corporations, p. 2917, sec. 1727.)

In Idaho attorney's fees cannot be recovered as costs except where there is a special statutory provision. Attorney's fees are regulated by contract. (C. S., sec. 6576; *Jenkins v. Commercial Nat. Bank*, 19 Ida. 290, 113 Pac. 463; *Callahan v. Dunn*, 30 Ida. 225, 164 Pac. 356.)

This corporation had the full period of redemption in which to redeem and it was not required to pay for the redemption thereof, anything in addition to what is provided in C. S., sec. 6933. There was no necessity for Mrs. Wunderlich's employing an attorney to redeem. (*Jenkins v. Commercial Nat. Bank, supra;* C. J. 1114, note 34.)

DUNN, J.—This action was instituted by appellant, a stockholder of respondent corporation, to recover $812.62, paid by appellant to redeem the mining property of respondent from execution sale, together with interest, attorneys' fees and certain wages paid to a keeper put in charge of the property by appellant. The judgment directed that appellant recover nothing from respondent except $50 attorneys' fees. It also directed that the money paid to the sheriff by appellant be returned.

One Steier obtained default judgment against the company for $725.94. Thereafter execution was issued and all the property of the company was sold at sheriff's sale on September 28, 1918, Steier bidding it in himself.

Appellant, who lived in South Carolina and held 80,000 shares in respondent corporation, sent her husband to find out about the affairs of the company, with written power of attorney to act for her. He paid the sheriff the amount necessary to redeem the property from the Steier judgment. A certificate of redemption was made out in appellant's name but thereafter amended to run to respondent company. This redemption took place on August 11, 1919, over a month prior to the expiration of the period of redemption. Immediately thereafter appellant engaged a caretaker to watch the property paying him $7.50 a day. The personal property of respondent company, as shown by the testimony, was worth less than $1,000.

The evidence further shows that prior to September 27, 1919, an option agreement had been executed in favor of one Gearon under the terms of which eighty-four stockholders owning in the aggregate 477,447 shares of the capital stock of respondent corporation gave said Gearon an option to purchase their stock for four cents a share at any time before January 1, 1921, which option provided that as soon as Gearon had received an option on 501,000 shares of the capital stock he was to pay Steier $1,000 and that Steier, who was one of the stockholders executing such option agreement, should cancel his indebtedness against the corporation.

On September 27, 1919, one day prior to the expiration of the time allowed by law for redeeming the property, Gearon paid the sheriff $1,000 and accompanied such payment with written notice of the option agreement and directions to return to appellant, with the legal rate of interest, the amount paid by her to redeem the property. The sheriff offered to return to appellant the amount paid by her, but such payment was refused and the sheriff thereupon deposited the money with the clerk of the court, who still retains possession of it.

The trial court found that appellant redeemed the property without making a demand upon the company so to do; nor upon Gearon, who had an option coupled with a conditional duty to make payment, of which option appellant had notice; that on the day before the redemption time would have expired Gearon deposited $1,000 with the sheriff with directions to pay so much of it as was necessary to displace appellant as redemptioner; that said money was deposited to make redemption; that the judgment was satisfied out of Gearon's money; that the property was not worth more than $1,000; that the property had a speculative value by reason of the fact that a tunnel thereon might be useful as an outlet for ore from mines lying near said property; and that appellant should be paid $50 as attorneys' fees for consulting an attorney in making the redemption. Judgment was entered in the amount of $50 for appellant and a direction that the clerk pay over the sum deposited with him by the sheriff. No costs were allowed appellant. From that judgment this appeal is taken.

Appellant assigns numerous errors but confines her discussion and citation of authorities to three propositions. It will not be necessary to consider or discuss the assignments not included in those three propositions. Errors assigned but not supported by citation of authorities, nor argued by appellant either orally or in his brief, will not be discussed or considered on appeal. (*State v. Brockman*, 39 Ida. 468, 228 Pac. 250; *State v. Petereit*, 39 Ida. 715, 229 Pac. 747.)

Appellant contends, as her first point, that she, as a stockholder, had a right to redeem from the execution sale. It is unquestionable that under certain circumstances a stockholder has a right to redeem from execution sale. The rule is clear, however, that a stockholder must make a demand upon the corporation to act in such a manner as to preserve its property. Whether or not the stockholder had made such a demand and had in good faith attempted to induce the corporation to act is a question of fact. It is true, as appellant sets forth in her second proposition, that "where it appears that a demand upon a corporation to do an act to preserve its property is useless, the stockholders may act without making such demand," for the law does not require a person to do a needless or useless thing. But whether such a demand is useless is also a question of fact. The question presented then by these two propositions is whether the evidence is sufficient to sustain the position that appellant had no right to redeem because she had made no attempt to induce the corporation to act in the redemption of its property. The burden must then fall upon appellant to show that such a demand was useless.

"But in addition to the existence of grievances which call for this kind of relief, it is equally important that before the shareholder is permitted in his own name to institute and conduct a litigation which usually belongs to the corporation, he should show to the satisfaction of the court that he had exhausted all the means within his reach to obtain within the corporation itself, the redress of his grievances, or action in conformity to his wishes. He must have made an earnest, not a simulated effort, with the managing body of the corporation, to induce remedial action on their part, and this must be made apparent to the court. If time permits or has permitted, he must show, if he fails with the directors, that he has made an honest effort to obtain action by the stockholders as a body, in the matter of which he complains. And he must show a case, if this is not done, where it could not be done, or it was not reasonable to re-

quire it." (*Hawes v. Oakland,* 104 U. S. 450, 26 L. ed. 827.)

The evidence shows that Wunderlich came through Wisconsin, where the officers and directors of respondent company resided, on his way to Wallace. He testified that he made no effort to get the directors to take any action with reference to the judgment on the company's property at any time prior to his alleged redemption. However, after the payment of the money to the sheriff for redemption, Wunderlich went back to Wisconsin for the purpose, as he claims, of inducing the directors and stockholders to reimburse him. The only meeting held there was an informal one composed of a part of the stockholders at which meeting no definite action was taken except an expression on the part of some of those present that appellant should be reimbursed. In February, 1920, appellant mailed a circular letter to all the stockholders she knew of in an effort to get them to make the reimbursement. Wunderlich also testified that he tried to get an option on the stock and had a number of blank forms printed for that purpose shortly after he arrived in Wisconsin. While he denied that his principal purpose in going to Wisconsin was to get an option on the stock he admitted that he had this plan in mind as an alternative in the event that no provision was made to reimburse appellant. The evidence also shows that he had notice of the option agreement in favor of Gearon as well as the judgment obtained by Steier prior to the time he left South Carolina.

The stockholders executing the option agreement in favor of Gearon had placed their stock in escrow. Some of the officers were among those executing such agreement. The evidence also shows that the officers of the company knew of the Steier judgment and of the sale thereafter under execution. The company had not been very active for over six or seven years prior to the sale of the property under execution and from the uncontradicted evidence it appears that no stockholders' meeting had been held during that time.

It is clear that no demand to act was made upon the respondent by appellant at any time prior to the expiration of the period of redemption. Appellant has not established that such a demand would be useless. In entering into the option agreement it seems fair to assume that some of the officers at least were making an effort to preserve the property for the company. The case of *Wright v. Oroville Mining Co.,* 40 Cal. 20, is not in point for the reason that the facts in that case are in no way analogous to the situation here. The evidence is amply sufficient to sustain the findings of the lower court on these two propositions.

The findings of the trial court will not be disturbed if the evidence is sufficient to support such findings. (*Morrison v. Morrison,* 38 Ida. 45, 221 Pac. 156.)

The remaining question presented by this appeal is whether appellant is entitled to recover her expenses, including attorneys' fees. Under the holding that appellant was not entitled to redeem for the reason that she made no demand upon the company to act and for the further reason that appellant failed to show that such a demand was useless we can see no reason or ground upon which she can base a right to recover expenses or attorneys' fees. Respondent contends that attorneys' fees cannot be recovered as costs in this state except where there is a special statutory provision or contract of the parties. It further contends that even if attorneys' fees were recoverable as part of the costs in this case appellant could not recover in this action for the reason that the money for which she is suing was deposited with the court for her, after having been tendered to her and by her refused before suit was brought, and is now in the possession of the clerk of the court subject to her request for it and the direction of the court to pay it to her. From the findings of the court it is clear that the attorneys' fees were allowed for consulting an attorney in making the redemption, and not in prosecuting this action. The rule stated by respondent, that no attorneys' fees can be recovered except where there is a special statutory provision or where provided by contract, is subject

to certain exceptions. It is not necessary, however, to consider the question as to whether this case falls within one of the exceptions. Appellant having no right to make the redemption for the reasons above stated, it would be inconsistent and highly inequitable to allow her to recover any expenses, including attorneys' fees. The authorities cited on this question by appellant are not in point for the reason that in each case expenses were incurred to preserve funds for the benefit of another, where the party incurring such expense had a legal right to act in a manner necessary to preserve those funds.

Even though no cross-appeal was taken by respondent the court may modify a part of a judgment favorable to appellant where the appeal is from the judgment and every part thereof, for under such circumstances the entire judgment is before the court and subject to review. (*Rabido v. Furey,* 33 Ida. 56, 190 Pac. 73; *Hampton v. Commissioners of Logan County,* 4 Ida. 646, 43 Pac. 324.)

Accordingly the case is remanded to the district court with directions to modify the judgment by striking out the provision for a $50 attorneys' fee. As so modified the judgment is affirmed. Costs awarded to respondent.

McCarthy, C. J., Budge, William A. Lee and Wm. E. Lee, JJ., concur.