(No. 6011.   October 19, 1933.)

J. L. CROWLEY, Respondent, v. IDAHO INDUSTRIAL TRAINING SCHOOL, Employer, and STATE INSUR-ANCE FUND, Surety, Appellants.

[26 Pac. (2d) 180.]

H. G. Harris, for Appellants.

D. L. Carter, for Respondent.

BUDGE, C. J.—Respondent, an employee of the Idaho Industrial Training School, classified as ''Instructor of Dairying,'' was engaged to a considerable extent in the supervision and handling of the livestock of the institution. These duties required him to care for a sizeable herd of dairy cows at calving time and after calves were born to treat the cows with disinfectants by inserting his hand and arm into the bodies of the animals. A number of cows in the herd were infected with what is known as Bangs disease or contagious abortion. Allegedly, as a result of treating the cows so diseased, respondent became ill and on November 3, 1931, entered the Veteran's hospital at Boise, at which time and place his illness was diagnosed as undulant fever. Respondent remained in the hospital from November 3, 1931, until March 28, 1932, when he was discharged. On May 18, 1932, respondent filed a claim for compensation

with the State Insurance Fund, which claim was denied by the manager of said fund on June 1, 1932. On or about June 3, 1932, respondent made application for hearing before the Industrial Accident Board. The State Insurance Fund and the employer, Idaho Industrial Training School, answered, denying liability substantially upon allegations and denials gainsaying the findings of the trial court embodied in appellants' assignments of error. After hearing before the board, respondent was denied compensation upon the basis that the employer was engaged in the caretaking and handling of livestock on inclosed lands and had not elected in writing that the provisions of the Workmen's Compensation Act should apply to said employment. On appeal, the district court substantially adopted the findings of the board, with the exception of the finding above mentioned, which was reversed, vacated the rulings of law and order made by the board, and made and entered judgment for respondent, from which judgment this appeal is prosecuted.

Appellants urge that the court erred in finding (1) that the injury for which compensation is claimed was an accident, arising out of and in course of respondent's employment; (2) that the employer had knowledge of the injury as soon as the claimant was disabled, and was not prejudiced by delay or want of written notice; (3) that the plaintiff is entitled to disability benefits, provided by I. C. A., sec. 43–1110, in the sum of $13.10 per week for a period of twenty-one weeks; and (4) that the plaintiff was engaged in such employment which is compensable under the terms of I. C. A., sec. 43–903, and that defendant's employees are specifically included under the provisions of I. C. A., sec. 43–903.

■ ■ Appellants' first assignment of error presents the question of law as to whether, under the facts and findings, the alleged injury for which respondent seeks compensation is a compensable accident arising out of and in the course of his employment, or an occupational or industrial disease or sickness not arising out of and in the course of his employment and not compensable. The court found that

among the duties of claimant in his said employment he was required to remove the afterbirth from many of said cows with his bare arm and that some of said cows were then infected with contagious abortion; that said undulant fever, with which claimant was suffering on November 3, 1931, and for the cure of which he was treated while confined as a patient in the hospital, was contracted by him in handling said dairy cows at some unknown time or times during the year 1931, and arose out of and in the course of claimant's employment with the Idaho Industrial Training School. We cannot say from the record before us that there is not sufficient competent evidence to sustain the court's finding that the injury received by respondent resulted from the exposure to the disease by the method necessarily followed in treating the cows.

Respondent was not a veterinarian, following that profession. The evidence discloses he was engaged as a dairy instructor and that it was his duty to look after the milk cows on appellant Idaho Industrial Training School's farm and to see that the students at the farm properly cared for and milked the cows as is customary upon farms. Many cows in the herd were not infected. Other employees on the farm handling the cows and their milk did not become infected with undulant fever. Respondent's treatment of the cows, as found by the court, was an incidental duty among other numerous duties he was required to perform as a dairy instructor. There is evidence that the usual source of undulant fever infection is through the human digestive tract from taking raw fat or milk, and that contracting it by coming in contact with cows carrying the germ is not prevalent nor is it a condition frequently met. The evidence bears out the conclusion that the contracting of undulant fever is not inherent in the handling of cows, nor is it the customary or usual result or concomitant of the occupation and mode of work followed by respondent.

" 'An occupation or industry disease is one which arises from causes incident to the profession or labor of the party's occupation or calling. It has its origin in the in-

herent nature or mode of work of the profession or industry, and it is the usual result or concomitant. If, therefore, a disease is not a customary or natural result of the profession or industry, *per se*, but is the consequence of some extrinsic or independent agency, the disease or injury cannot be computed to the occupation or industry, and is in no accurate sense an occupation or industry disease.'' (*Ramsay v. Sullivan Min. Co.*, 51 Ida. 366, 374, 6 Pac. (2d) 856.)

If the injury sustained by respondent was not one inherent to his occupation as commonly understood, but an accident as used in the popular and ordinary sense of the word, as denoting an unlooked-for mishap or untoward event which is not expected or designed, his recovery cannot be denied upon the theory that the injury resulted from an occupation disease and not from an accident. We are inclined to the view that the proper rule to be applied in the case at bar is announced in the case of *Reinoehl v. Hamacher Pole etc. Co.*, 51 Ida. 359, 6 Pac. (2d) 860; *Ramsay v. Sullivan Min. Co., supra.*

Coming now to the question of notice, assignment of error number two, I. C. A., secs. 43–1202, 43–1203, 43–1204 and 43–1205, prescribe the time and manner of giving notice to the employer, the latter section providing:

''A notice given under the provisions of section 43–1202 shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place, nature or cause of the injury, or otherwise, unless it is shown that the employer was in fact misled to his injury thereby. *Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that the employer, his agent or representative, had knowledge of the accident,* or that the employer has not been prejudiced by such delay or want of notice.''

The trial court found that the respondent entered the Veteran's hospital suffering with undulant fever on November 3, 1931; that the employer had knowledge of the accident on the first day of November, 1931, and was not prejudiced by delay or want of written notice. The In-

dustrial Accident Board found that no notice in writing was given to the employer until May 18, 1932, and that on or about November 17, 1931, E. O. Cook, Superintendent of the Idaho Industrial Training School, received a letter from W. D. Vincent, Commissioner of Education of the State of Idaho, stating that the claimant was then in the Veteran's hospital suffering with undulant fever, and also that the physician in charge had determined that claimant had contracted the disease while treating said cows at calving time in the manner as above stated. The record discloses, in addition to the foregoing recitals, that Superintendent Cook had knowledge of the illness of respondent at and prior to November 2, 1931, when respondent left the institution to enter the Veteran's hospital, and that some time later in November Superintendent Cook called on respondent at the hospital, where respondent was ill with undulant fever. We are of the opinion that the findings are supported by the evidence and bring the respondent within the latter clause of I. C. A., sec. 43–1205, and the failure to give, or delay in giving, written notice is not a bar to respondent's right to recover, since appellant, Idaho Industrial Training School, through its superintendent, had knowledge of the accident. (*Page v. State Insurance Fund, ante,* p. 177, 22 Pac. (2d) 681.)

Assignment of error number three not being discussed orally or in the brief of appellant and no authorities being cited in support thereof will not be considered. (*Nelson v. Johnson,* 41 Ida. 703, 243 Pac. 649; *Wunderlich v. Coeur d'Alene V. M. Co.,* 40 Ida. 173, 232 Pac. 588, 39 A. L. R. 1052; *Hardy v. Butler,* 39 Ida. 99, 226 Pac. 669; *McGrath v. West End Orchard & Land Co.,* 43 Ida. 255, 251 Pac. 623.)

Coming now to assignment of error number four, the point is raised that respondent was injured in an agricultural pursuit, and that his employer, Idaho Industrial Training School, had not filed an election under I. C. A., sec. 43–904, wherein it is provided that employees engaged in

agricultural pursuits do not come within the Workmen's Compensation Act "unless prior to the accident for which the claim is made, the employer had elected in writing filed with the board, that the provisions of the act shall apply." I. C. A., sec. 43–904, is not applicable to the respondent herein for the reason that he was engaged in public employment. (I. C. A., sec. 32–3011.)  I. C. A., sec. 43–903, provides, *inter alia:*

"This act (Workmen's Compensation Act) shall apply to employees . . . . of . . . . school districts . . . . within the state . . . . "

Under I. C. A., secs. 43–901 and 43–902, school districts are required to comply with the Workmen's Compensation Act, and it appears herein that compensation was carried for the benefit of the employees of the Idaho Industrial Training School, including the respondent.

The judgment is affirmed.  Costs awarded to respondent.

Givens, Morgan, Holden and Wernette, JJ., concur.