DEPARTMENT OF AGRICULTURE AND MARKETS, Respondent, vs. LAUX, Appellant.

*November 13—December 8, 1936.*

The cause was submitted for the appellant on the brief of *Herbert L. Mount* of Milwaukee, and for the respondent on that of *R. M. Orchard,* assistant attorney general.

NELSON, J. The complaint alleges in substance that the plaintiff is an administrative body, created by sec. 99.02 of the Wisconsin Statutes; that Charles L. Hill, Joseph D. Beck, and F. Schultheiss are commissioners thereof; that the defendant, William Laux, Jr., is a sole trader doing business as Service Bakery at the city of Appleton; that sec. 129.01 provides that no person shall engage in or follow the business or occupation of a trucker, hawker, or peddler within this state without having first obtained a license for that purpose; that sec. 129.06 provides that but one person shall be authorized to carry on business under the terms of any license provided for in secs. 129.01 to 129.24, inclusive, and that no person shall conduct business under the same license as copartners, agents, or otherwise; that sec.

129.09 provides that every person who shall engage in or follow the business of a trucker, hawker, peddler, or transient merchant in this state, without having first obtained a license, shall, for each such violation, pay into the state treasury not less than $25 nor more than $50; that it is the duty of the plaintiff to superintend and enforce the collection of all license fees required to be paid to the state under the provisions of secs. 129.01 to 129.24; that the defendant is now, and for many years has been, engaged in the bakery business in the city of Appleton; that the defendant sells and delivers bread, bakery products, sausages, and similar products manufactured by him through employees or agents who travel from place to place in trucks, selling and delivering bread and other bakery products in a retail way to such individuals or customers as he may be able to deal with; that the defendant has about thirty-five employees or agents so employed in his business, none of whom has obtained a license for that purpose as provided by secs. 129.01 to 129.24; that an action to recover a forfeiture from Lande Anholt, one of defendant's employees, was commenced on August 6, 1935, in Waupaca county; that a similar action was commenced against the said Anholt on August 8, 1935, in Portage county; that a similar action was commenced against one Robert Pauli, another employee, on August 7, 1935, in Waupaca county; that a similar action was commenced against one Charles Olson, another employee, on August 9, 1935, in Waushara county; that all of said actions are now pending in the courts of said counties; that all of said persons were engaged in selling and distributing products manufactured by the defendant without having first obtained licenses as provided by secs. 129.01 to 129.24; that none of said persons was engaged in offering for sale agricultural products which actually had been raised or grown by said persons in this state; that such persons are still in the employ of the defendant, and are continuing to do business in

the same manner with full knowledge of the defendant pursuant to his advice and direction; that on August 23, 1935, the defendant commenced suit in the district court of the United States for the Eastern district of Wisconsin, in which he prayed for an interlocutory injunction, restraining the commissioners of the Department of Agriculture and Markets individually and in their official capacities from attempting or purporting to exercise any power or authority under or by virtue of ch. 129 of the statutes of this state, and from enforcing or attempting to enforce the provisions of said chapter against the defendant, his agents, or employees; that notice of motion for a temporary restraining order was thereafter served on the commissioners of the Department of Agriculture and Markets; that no hearing has been held on said application for an interlocutory injunction; that section 266 of the United States Judicial Code (28 USCA, § 380), which relates to the granting or issuing of interlocutory injunctions, which suspend or restrain the enforcement, operation, or execution of any statute by a state, or which restrain the action of any officer of such state in the enforcement or execution of such statute, provides, among other things, as follows:

"It is further provided that if before the final hearing of such application a suit shall have been brought in a court of the state having jurisdiction thereof under the laws of such state, to enforce such statute or order, accompanied by a stay in such state court of proceedings under such statute or order pending the determination of such suit by such state court, all proceedings in any court of the United States to restrain the execution of such statute or order shall be stayed pending the final determination of such suit in the courts of the state."

The prayer for judgment or relief is as follows:

"Wherefore, plaintiff brings this suit to enforce chapter 129 of the Wisconsin Statutes and particularly the provi-

sions of said chapter 129, relating to hawkers and peddlers, against the defendant, his agents and employees, and prays that said court enforce said statute, sections 129.01 to 129.24 of chapter 129 by the process of this court, and that this court grant a stay of all proceedings by the said plaintiff under said statute, pending the determination of this suit in the courts of the state, and that this court at once cause a notice of this suit, together with a copy of the stay order by it granted, to be sent to the United States district court for the Eastern district of Wisconsin; and for such further relief as to this court may seem just and proper."

The defendant demurred to the complaint on the following grounds: (1) That the plaintiff has no legal capacity to sue; (2) that the court has no jurisdiction of the subject of the action; (3) that the complaint does not state facts sufficient to constitute a cause of action.

Sec. 285.06, Wis. Stats., evidently adopted by the legislature of this state upon the enactment by the congress of section 266 of the United States Judicial Code (28 USCA, § 380), as it now exists, is as follows:

"285.06  *Jurisdiction of state courts to determine validity of laws when attacked in federal court and to stay enforcement.*  Whenever a suit praying for an interlocutory injunction shall have been begun in a federal district court to restrain any department, board, commission or officer from enforcing or administering any statute or administrative order of this state, or to set aside or enjoin such suit or administrative order, such department, board, commission or officer, or the attorney general, may bring a suit to enforce such statute or order in the circuit court of Dane county at any time before the hearing on the application for an interlocutory injunction in the suit in the federal court.  Jurisdiction is hereby conferred upon the circuit court of Dane county and on the supreme court, on appeal, to entertain such suit with the powers herein granted.  The circuit court shall, when such suit is brought, grant a stay of proceedings by any state department, board, commission or officer under

such statute or order pending the determination of such suit in the courts of the state. The circuit court of Dane county upon the bringing of such suit therein shall at once cause a notice thereof, together with a copy of the stay order by it granted, to be sent to the federal district court in which the action was originally begun. An appeal may be taken within ten days after the termination of the suit in the circuit court to the supreme court of the state, and such appeal shall be in every way expedited and set for an early hearing."

The defendant first contends that the plaintiff has no legal capacity to sue. Sec. 285.06, Wis. Stats., just hereinbefore recited, expressly provides that "Whenever a suit praying for an interlocutory injunction shall have been begun in a federal district court to restrain any department, board, commission or officer from enforcing or administering any statute or administrative order of this state, or to set aside or enjoin such suit or administrative order, such department, board, commission or officer, or the attorney general, may bring a suit to enforce such statute or order in the circuit court of Dane county at any time before the hearing on the application for an interlocutory injunction in the suit in the federal court."

In our opinion the legislature clearly intended to authorize any department, board, commission, or officer sought to be restrained, or the attorney general, to bring a suit to enforce any statute of the state assailed, presumably upon constitutional grounds, in any federal district court, at any time before the hearing on the application for an interlocutory injunction in the suit in the federal court. In our opinion, defendant's first contention is without merit.

The defendant next contends that the circuit court for Dane county has no jurisdiction of the subject of the action. This contention is likewise without merit, since sec. 285.06, Wis. Stats., specifically authorizes the bringing in that court of a suit to enforce any statute assailed in the federal court.

The defendant further contends that the complaint does not state facts sufficient to constitute a cause of action because the plaintiff's prayer for relief is indefinite, uncertain, and fails to meet the issues raised in the federal court action, and therefore is beyond the scope of sec. 285.06, Wis. Stats. It is obvious from the allegations of the complaint that the purpose of this action is to have the circuit court for Dane county determine whether ch. 129, Wis. Stats., and particularly secs. 129.01, 129.06, 129.09, are constitutional. Section 266 of the United States Judicial Code (28 USCA, § 380) and sec. 285.06, Wis. Stats., obviously are remedial statutes, and should be liberally construed to the end that the purposes sought to be accomplished thereby may be effected. The allegations of the complaint on demurrer should likewise be given a liberal construction. Giving the complaint a reasonable construction, this action may not be considered as one to recover a forfeiture or forfeitures from the defendant. There is no allegation in the complaint to the effect that the defendant is indebted to the plaintiff or to the state of Wisconsin. Sec. 288.02, Wis. Stats. Nor, in our view, does the plaintiff seek to restrain the defendant from continuing the business in which he is engaged without first obtaining a license for himself and licenses for his agents or employees. In our opinion, the complaint, liberally construed, can and should be sustained as one which seeks a declaratory judgment determining whether the questioned sections are constitutional. In our opinion, sec. 285.06 should not be narrowly or strictly construed. "A suit to enforce such statute" is sufficiently comprehensive to include an action brought by an interested board or commission under the Declaratory Judgments Act (sec. 269.56, Wis. Stats.) for the purpose of having determined the constitutionality of the statute or statutes assailed in a federal district court. So regarded, the complaint states a cause of

action for declaratory relief. Under the facts alleged in the complaint, this action may properly be considered as an action to determine the constitutionality of the statute or statutes assailed, and as a suit to enforce such statute or statutes.

We, of course, do not decide whether ch. 129, Wis. Stats., violates any of the rights guaranteed to the defendant by the constitutions of the United States or of the state of Wisconsin.

*By the Court.*—Order affirmed.