182 P.2d 958
**AYERS v. GENERAL HOSPITAL, Inc.,
et al.**
No. 7343.

Supreme Court of Idaho.
July 7, 1947.

J. H. Felton, of Moscow, for appellants.

Wilbur L. Campbell, of Grangeville, and Ray E. Durham, of Lewiston, for respondents.

GIVENS, Justice.

Appellant, as plaintiff, alleged he was bringing suit for and on behalf of himself and all citizens of Grangeville; and all stockholders of the General Hospital, Inc., one of the named defendants, but without alleging he had made demand upon the corporation to act, or that it had failed, refused or neglected to do so, or that such demand would have been futile, Wunderlich v. Coeur d'Alene Vulcan Mining Co., 40 Idaho 173, at page 177, 232 P. 588, 39 A.L.R. 1052; Morton v. Morton Realty Co., 41 Idaho 729, 241 P. 1014;—an unexplained hiatus—sued for a declaratory judgment, alleging that in 1938, "the General Hospital" was organized as a domestic business corporation to construct and operate a hospital in Grangeville; that 1315 shares at a par value of $32,875.00 were issued and subscribed for; and additional donations of upward of $2,500.00 were received, but were insufficient and on solicitation to the U. S. Government for assistance, it was found a grant could be made only on application by a municipality. Thereupon, agreements were reached between the United States Government and the City of Grangeville, whereby the funds of the General Hospital, placed in a fund in the City Treasury, were matched in whole or in part by Federal funds and the hospital was thereby constructed on land owned by the city; the hospital was furnished in large part by funds of the General Hospital, Inc.; that the operating funds were deposited in the Grangeville branch of the First National Bank of Lewiston; and managed and controlled by directors of the General Hospital, Inc., and a committee of the City of Grangeville from 1940 to 1945, when such funds "without any action on the part of the Corporation (Hospital) were made a part of the City funds" and since operated by the city; and that since December 1945, the management and control of the hospital and funds (then $13,909.00) have been in the hands of a committee appointed by the Mayor of the city; that plaintiff believes the management and control of the hospital can be handled better by the General Hospital, Inc., which was organized for that purpose and if so operated, it will repay the stockholders and subscribers; and appellant prays that the conflicting claims, rights and status of the General Hospital, the bank and the city be determined. The Articles of Incorporation and By-Laws of the General Hospital were attached as exhibits to the complaint.

The hospital filed an answer admitting all the allegations of the complaint, but alleged the funds were taken over by the City of Grangeville "without right."

General demurrers of the city and bank, challenging the complaint as not stating a cause of action, were sustained and upon

appellants' refusal to amend or plead further, the action was dismissed.

■ Chapter 70 of the 1933 Session Laws, p. 113, Sec. 2, states:

"Any person interested under * * * written contract or other writings constituting a contract or any oral contract, * * * may have determined any question of construction or validity arising under the instrument, * * * contract * * *, and obtain a declaration of rights, status or other legal relations thereunder."

"The Declaratory Judgment Act (Chap. 70, 1933 Sess.Laws) contemplates some specific adversary question or contention based on an existing state of facts, out of which the alleged 'rights, status, and other 'legal relations' arise, upon which the court may predicate a judgment 'either affirmative or negative in form and effect.' Section 1, Declaratory Act.

"The questioned 'right' or 'status' may invoke either remedial or preventive relief; it may relate to a right that has either been breached or is only yet in dispute or a status undisturbed but threatened or endangered; but, in either or any event, it must involve actual and existing facts." State v. State Board of Education, 56 Idaho 210, at page 217, 52 P.2d 141, 144.

■ While appellants' brief asserts, "the Corporation (Hospital) claims them (operating funds) in this action", the complaint does not contain such an allegation and though such might be inferred, the complaint does not set forth the basic facts upon which the implied disagreement between the hospital and the city over the operation of the hospital and control of the funds rests, in that whatever agreements preceded and evidently resulted in the construction and operation of the hospital are not set forth or plead in substance or effect. The complaint is thus fatally defective. City of Alturas v. Gloster, Cal.Sup., 104 P.2d 810.

■ A mere averment of disagreement, without pleading the facts disclosing the grounds for and at least the basis for plaintiff's claims in connection with the disagreement, does not comply with State v. State Board of Education, supra, and is insufficient as the following cases clearly illustrate: Sweeney v. American Nat. Bank, 62 Idaho 544, 115 P.2d 109; Pacific States Corporation v. Pan-American Bank, 213 Cal. 58, 1 P.2d 4; Armstrong v. Carman Distributing Co., Colo., 115 P.2d 386; Anderson et al. v. Wyoming Dev. Co., 60 Wyo. 417, 154 P.2d 318; Columbia Pictures Corporation v. DeToth, 26 Cal.2d 753, 161 P.2d 217, 162 A.L.R. 747; Bennett's Inc. v. Krogh, Colo., 168 P.2d 544, 164 A.L.R. 1010; Miller v. Currie, 208 Wis. 199, 242 N.W. 570; Department of Agriculture and Markets of Wisconsin v. Laux, 223 Wis. 287, 270 N.W. 548; Clifton Hills Realty Co. v. City of Cincinnati, 60 Ohio App. 443, 21 N.E.2d 993.

Appellant claims the answer sufficiently aids the complaint to make it state a cause of action. The allegation that, "the funds were taken over by the City of Grangeville without right", absent the surrounding and antecedent facts of such transfer, is not effective in this respect.

"Where there is an entire absence of a material allegation in a complaint, as distinguished from a defective statement of the necessary averment, the allegations of an answer do not cure the defect." Reinertsen v. Idaho Power etc. Co., Ltd., 32 Idaho 353, at page 357, 182 P. 851, 852.

A pleading should allege facts as distinguished from mere conclusions. Hurt v. Brandt, 37 Idaho 187, at page 192, 215 P. 842.

Conceding the Declaratory Judgment Act confers broad powers and that courts may anticipatorily decide status, rights, etc., nevertheless, facts must be alleged and the complaint was fatally deficient in not setting forth the agreements and contracts under which the hospital was constructed and initially operated, the respective parties' rights, or in what way the city had violated such agreements, or any one's rights, etc. Therefore, the court properly sustained the general demurrers.

The judgment is, therefore, affirmed; except appellant may file an amended complaint. No costs awarded.

BUDGE, C. J., HOLDEN and MILLER, JJ., and SUTTON, D. J., concur.