## FITZGERALD et al. v. BASS, Rec., et al.

No. 17258—Opinion Filed Jan. 4, 1927.

(Syllabus.)

Corporations—Successful Suit by Minority Stockholders—Right to Reimbursement From Receiver for Attorney's Fee.

Where minority stockholders of a corporation are successful in suits instituted by them in behalf of the corporation, and the corporation is thereby enriched, they are entitled to reimbursement from the corporation out of its assets or out of money under control of the court for their reasonable costs and expenses including an attorney fee.

Error from District Court, LeFlore County; D. C. McCurtain, Judge.

Application by T. A. Fitzgerald and another. minority stockholders, for attorneys' fees to be paid out of funds of the corporation, the Spiro Mercantile Company, in the hands of the receiver, H. C. Bass. Application denied. Minority stockholders appeal. Reversed, with directions.

W. H. Brown and Sam A. Neely, for plaintiffs in error.

R. F. White and L. V. Reid, for defendants in error.

RILEY, J. This action arose on the application of plaintiffs for the allowance of attorneys' fees for services rendered the Spiro Mercantile Company, a corporation, in securing the appointment of a receiver and thereby preserving the property of the corporation, and in representing the interest of the corporation in successfully contesting the allowance of an excessive claim against the corporation and in favor of the managing officer, J. M. Littlefield.

The application for attorneys' fees alleges. amongst other things, that in 1920, the Spiro Mercantile Company was a domestic corporation: the plaintiffs in error were minority stockholders and defendant in error J. M. Littlefield, F. A. Frambers.

and James Littlefield owned a majority of the stock; J. M. Littlefield was president and with the latter stockholders named constituted a majority of the board of directors; that the property, assets, and funds of the corporation were being dissipated, lost, and destroyed as to the interest of the creditors and the minority stockholders, that the minority stockholders engaged attorneys to institute proceedings to protect and preserve the property; that a petition for appointment of a receiver was filed by them, and that the district court subsequently appointed H. C. Bass as receiver; that said attorneys have diligently looked after the best interest of the corporation for the benefit of the stockholders and creditors, and have devoted a great deal of time to preserving and protecting the property and assets of the corporation; that after the appointment of the receiver and after all claims of creditors were allowed and paid there remained in the hands of the receiver cash in the sum of more than $4,000; that defendant J. M. Littlefield filed an unjust claim against the corporation with the receiver in the sum of $4,200; that said receiver favored the allowance and payment of said claim and declined and refused to contest the right of said Littlefield to said payment; that plaintiffs, in order to save said amount for the corporation trust fund, employed Brown & Phipps, attorneys of Muskogee, and Sam A. Neely, of Tulsa, to contest said claim; that the contest thereof resulted in disallowance by the court of all of the amount thereof except the sum of $500, and that they thereby saved to said corporation the sum of $3,700.80. The plaintiffs allege that the services of said attorneys were worth the reasonable sum of $500, to the benefit of the corporation, and they prayed for an order directing the receiver to pay said sum.

Thereafter J. M. Littlefield filed objection to the allowance of the claim for attorneys' fees. He admitted the filing of the petition for appointment of receiver by attorneys for plaintiffs, but denied any benefit derived therefrom to the corporation and pleaded that the suit was begun and conducted for the personal benefit of plaintiffs. He alleged that the defendants employed as their attorneys Varner & Taylor, of Poteau, and that all stockholders were represented by their private attorneys. He admitted that by agreement Bass was appointed receiver. He denied that the plaintiffs' attorneys represented the receiver or the interest of the corporation subsequent to said receiver's appointment, and alleged that Varner & Taylor were employed as attorneys for the receiver and were paid $500 for services rendered, and that said receiver's attorneys represented fully the interest of the estate and that no necessity existed for employment of other attorneys.

He admits the presentation of his claim to the receiver and the allowance thereon by the court in the amount of $500, but says that the plaintiffs represented their private interest and not the interest of the corporation in the contest on said claim.

Neither the Spiro Mercantile Company nor Bass, receiver, nor any other save J. M. Littlefield filed objection to the allowance of attorneys' fees.

A letter from the receiver to plaintiffs was admitted in evidence, which letter called attention to Littlefield's claim of $4,200.80, and stated in effect that unless objections were made the claim would be paid. A protest was filed by plaintiffs through their attorneys, Brown & Phipps and Sam A. Neely, and the district court reduced the Littlefield claim to the sum of $500.

The attorneys for defendant admit that the services rendered by the attorneys for the plaintiffs were of the value claimed. Their admission is as follows:

"Mr. White: We are not going to dispute the contention that the services rendered by Judge Brown and Mr. Neely are worth $500. We concede that the amount of their claim is reasonable for the services rendered by them; but it is our position that the plaintiffs personally should pay Judge Brown and Mr. Neely for their services, and that their fee should not be paid out of the assets of the corporation in the hands of the receiver. This being our contention, I see no necessity to further incumber the record by introducing proof as to the value."

Judgment was rendered for defendants, denying the application of plaintiffs for the allowance of attorneys' fees. Motion for new trial was overruled, and the matter is properly presented to this court under the one contention that under the undisputed evidence and admitted facts the trial court committed error in refusing to allow plaintiffs' claim for attorneys' fees.

As heretofore set out, there is no dispute as to the reasonableness of the fee claimed. The dispute is as to the corporation's liability therefor. It is undisputed that plaintiffs

set the "judicial machinery" in motion which resulted in appointing the receiver. The fact of the existence of the judgment establishes here a conclusion that such an appointment was necessary to protect and preserve the property and assets of the corporation. and that such a judgment was based upon such circumstances existing and admitted by the agreement for the appointment of a receiver. This being true, it necessarily follows that plaintiffs' action was beneficial to the corporation. It is also undisputed that Bass, receiver, favored, and but for the action of these plaintiffs would have paid the claim of J. M. Littlefield in the sum of $4,200.80, instead of the sum of $500, as the court held just, as a result of the action of plaintiffs through their attorneys. The consideration of the latter as a benefit to the corporation is objected to by defendants for the reason assigned that where a receiver has been appointed, a stockholder cannot sue without the consent of the court which appointed the receiver. (Citing 14 C. J. 937.) Apparently this objection was not made in the court at the time of the institution of the suit, for the court permitted the suit to be filed and permitted the plaintiffs to resist the claim, and the receiver acquiesced in the act of plaintiffs in protecting the interest of the corporation. We see no merit in this objection.

In the case of Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157, the rule is stated that:

"One jointly interested with others in a common fund and who in good faith maintains the necessary litigation to save it from waste and destruction, and secure its proper application, is entitled, in equity, to reimbursement of his costs as between solicitor and client, either out of the fund itself, or by proportional contribution from those who receive the benefit of the litigation." Graham v. Dubuque Specialty Machine Works (Iowa) 114 N. W. 619, 15 L. R. A. (N. S.) 729; Louisville, Evansville & St. L. Ry. Co. v. Wilson, 138 U. S. 501, 34 L. Ed. 1023; 34 Cyc. 370.

In the case of Grant v. Lookout Mountain Co., 93 Tenn. 691, 27 L. R. A. 98, the Tennessee court held as follows:

"Minority stockholders may compel the corporation to pay actual and necessary expenses, including reasonable attorneys' fees, of a successful suit by them to recover corporate property which had been wrongfully conveyed by the corporate officers according to the wishes of the majority stockholders."

In 14 C. J. 948, the rule is laid down that:

"Where a stockholder is successful in a suit instituted by him in behalf of the corporation, and the corporation is thereby enriched, he is entitled to reimbursement from the corporation out of its assets or out of money or property under the control of the court for his reasonable costs and expenses, including an attorney fee."

In the case of Forrester v. Boston & M. Consolidated Copper & Silver Mining Co., 74 Pac. 1088, the Supreme Court of Montana held as follows:

"Minority stockholders, who successfully brought a suit in equity against the directors to restrain and cancel an attempted transfer of the entire property of the corporation to a foreign corporation organized by the defendant directors for the purpose, were entitled to an allowance for attorney's fees."

In the case of Colley v. Sapp, 44 Okla. 16, 142 Pac. 1193, this court supports the contention of plaintiffs in error when it says:

"We think that case clearly shows that wherever the corporation itself is directly injured, as where corporate property or franchises have been taken or wrongfully dealt with and the action is to undo fraud and breaches of trust already committed and restore to the corporation assets thereby wasted, so that the corporation is primarily interested and the right of action is directly in it, a stockholder, who has properly been permitted in such case to bring an action which the corporation ought to have brought for the direct and immediate benefit of the corporation itself, and not of such stockholder, is entitled to reimbursement out of corporate assets for all his proper expenses, including reasonable attorneys' fees, in such of his efforts as resulted in benefits to the corporation. In other words, we think that case shows that the right to such allowances as attorneys' fees arises out of the fact that both the suing stockholder and his attorney are regarded as representing the corporation itself in such cases. The fact that their efforts were successful is material and necessary to show that they may properly be so regarded as representing the corporation. The fact that there are funds in hand or property within control of the court is only important as giving the court the opportunity and imposing upon it the duty of recognizing and giving effect to the rights and equities arising out of the expenditures of the stockholder and the services of his attorney in such a case, and is in no sense a basis of the right to reimbursement or compensation or the measure of the value of the same."

We are, therefore, of the opinion that the trial court committed error in refusing to direct the receiver to allow and pay the attorneys' fees in the amount claimed. The cause is, therefore, reversed, with directions to enter judgment for plaintiffs in error in accordance with the prayer of their petition for attorneys' fees and costs, including in the sum of costs the amount of $72.50, shown by verified statement to have been expended in the making of the case-made herein.

NICHOLSON, C. J., BRANSON, V. C. J and HARRISON, MASON, PHELPS, and HUNT, JJ., concur. LESTER, J., not participating, having participated in court below. CLARK, J., absent, not participating.

Note.—See 14 C. J. 948, §1473.