(No. 4800.  February 15, 1928.)

FRED H. STEDTFELD, Respondent, v. CLARENCE E.
EDDY, JUANITA M. EDDY and the MONTE
CRISTO GOLD MINES COMPANY, a Corporation,
Appellants.

[264 Pac. 381.]

CORPORATIONS — ACTION FOR ACCOUNTING — DEMAND — SUFFICIENCY OF
COMPLAINT — APPEAL AND ERROR — ASSIGNMENT OF ERRORS IN
BRIEF.

1. Complaint, in action by stockholder, suing on behalf of
himself and all others similarly situated, for accounting by former
officers and stockholders of corporation, failing to allege that
demand had been made on majority stockholders for them to take
action, *held* insufficient, since demand, or excuse for failure to
demand relief, of stockholders was material allegation.

2. Complaint, in action by stockholder, suing on behalf of him-
self and all others similarly situated, for accounting by former
officers and stockholders of corporation, failing to allege that de-
mand had been made on majority stockholders for them to take
action, *held* insufficient to sustain judgment entered in favor of
corporation, even though proof showed demand on stockholders.

3. Question presented on oral argument which has not been
assigned as error in briefs, as required by supreme court rule 40,
or otherwise, will not be considered on appeal.

APPEAL from the District Court of the Fifth Judicial
District, for Bannock County.  Hon. O. R. Baum, Judge.

Action for an accounting.  Judgment for respondent.
*Reversed and remanded.*

Publisher's Note.

1. Necessity of applying to body of stockholders as condition of
right of stockholder to sue on behalf of corporation, see note in
51 L. R. A., N. S., 112.  See, also, 7 R. C. L. 320.

See Appeal and Error, 3 C. J., sec. 1588, p. 1412, n. 54.
Corporations, 14a C. J., sec. 1941, p. 161, n. 58.
Pleading, 31 Cyc., p. 729, n. 54.

Wesley B. Yates and G. L. Tyler, for Appellants.

"Before a suit can be maintained by a stockholder he must not only show that the officers of the corporation have refused to act; and that the stockholders have refused to act, but he must further show that a demand has been made upon the defendant for an accounting and that this has been refused." (1 Cyc. of Pleading & Prac., p. 98; *Perry v. Foster,* 62 How. Pr. (N. Y.) 228.)

"Before a minority stockholder can maintain an action in his own name he must allege and prove that he has exhausted his remedy within the corporation and that he has made proper demand of the corporation that suit be instituted and that such demand has been refused, or that relief cannot be obtained through the corporation." (*Arkansas River L. T. & C. Co. v. Farmers' Co.,* 13 Colo. 587, 22 Pac. 954; *Bergman Clay Mfg. Co. v. Bergman,* 73 Wash. 144, 131 Pac. 485; *Checotah Hardware Co. v. Hensley,* 42 Okl. 260, 141 Pac. 422; *Elliott v. Puget Sound Wood Products Co.,* 52 Wash. 637, 101 Pac. 228; *Hawes v. Oakland,* 104 U. S. 450, 26 L. ed. 827; *Holmes v. Jewett,* 55 Colo. 187, 134 Pac. 665.)

H. E. Ray, for Respondent.

Following the well-known rule of this court, that assignments of error not argued will not be considered, no mention will be made in this brief thereof. (*Raide v. Dollar,* 34 Ida. 682, 203 Pac. 469; *Bothwell v. Bryant,* 36 Ida. 337, 210 Pac. 1003; *Witthoft v. Gathe,* 38 Ida. 175, 221 Pac. 124.)

The plaintiff in this action can see nothing to the point contended for by the appellant to the effect that the trial court should have granted a nonsuit because of the insufficiency of proof upon the question of demand, for it is a well-recognized exception to the general rule requiring demand prior to the institution of suit that where the facts disclose a demand would have been useless, none will be required, for, to use the familiar phraseology common to many opinions, the law does not require a person to do a needless

or useless thing, and the question of whether a demand would have been useless or vain is one of fact, as was so tersely stated by this court in *Wunderlich v. Coeur d'Alene V. M. Co.,* 40 Ida. 173, 177, 39 A. L. R. 1052, 232 Pac. 588.

GIVENS, J.—Fred H. Stedtfeld, plaintiff-respondent, as a stockholder in the Monte Cristo Gold Mines Company, a corporation, sued on behalf of himself and all others similarly situated for an accounting by Clarence E. Eddy and Juanita M. Eddy, former officers and stockholders of the corporation. Upon failure to appear, the default of the corporation was entered, and the action was dismissed against Clarence E. Eddy. A reference was ordered upon which judgment was entered in favor of the corporation and against appellant Juanita M. Eddy for $22,540.60 and interest, for stock sold by appellant, Juanita M. Eddy, for the corporation and not accounted thereto by her.

Appellants demurred to the complaint on the ground, among others, which they consistently urged throughout the trial, that it did not show that respondent had the right to bring the suit because no demand had been made upon the majority stockholders for them to take action, nor was such failure excused.

[1] *Wunderlich v. Coeur d'Alene Co.,* 40 Ida. 173, 39 A. L. R. 1052, 232 Pac. 588, quoting with approval from *Hawes v. Oakland,* 104 U. S. 450, 26 L. ed. 827, holds that before a stockholder can bring a suit of this nature, he must, as a condition precedent, prove a demand on the officers, directors and stockholders, or excuse the same. Demand, or excuse for failure to demand relief, of the stockholders, thus being a material fact, was a material allegation, and the demurrer should have been sustained.

[2] Conceding that the proof showed a demand on the stockholders, the complaint, being insufficient in this material respect, is insufficient to sustain the judgment. (*Walton v. Clark,* 40 Ida. 86, 231 Pac. 713; *Medling v. Seawell,* 35 Ida. 333, 207 Pac. 137; *Newport Co. v. Kellogg,* 31 Ida.

574, 174 Pac. 602; *Trueman v. Village of St. Maries,* 21 Ida. 632, 123 Pac. 508.)

In view of this conclusion, the sufficiency of the evidence will not be discussed.

[3]   On oral argument appellants presented a question which had not been assigned as error in the briefs, as required by rule 40 or otherwise, and the same will therefore not be considered. (*Blackfoot Bank v. Clements,* 39 Ida. 194, 226 Pac. 1079; *Morton Co. v. Big Bend Co.,* 37 Ida. 311, 218 Pac. 433.)

The judgment is reversed and the cause remanded. Costs awarded to appellant.

Wm. E. Lee, C. J., and Budge and T. Bailey Lee, JJ., concur.