(No. 5793.  December 17, 1932.)

WARREN EARL GREENOUGH, Appellant, v. COEUR D'ALENES LEAD COMPANY, a Corporation, and HENRY B. KINGSBURY, Respondents.

[18 Pac. (2d) 288.]

Gray & McNaughton and James A. Wayne, for Appellant.

Walter H. Hanson and F. C. Keane, for Respondents.

VARIAN, J.—Action by minority stockholder, for the benefit of the corporation and all similarly situated stockholders, to require the return to the corporation of 681,708 shares of its capital stock alleged to have been sold by the board of directors to one of its members without authority. No fraud is involved. After suit brought, but before trial, the stock was returned to the corporation, leaving only the one question to be determined, whether appellant is entitled to attorney's fees, there being no proof of any expense incurred other than taxable costs which follow the judgment. At the close of plaintiff's case a judgment of nonsuit was granted from which plaintiff appeals.

The right to maintain such an action has been recognized by this court. (*Riley v. Callahan Min. Co.*, 28 Ida. 525, 155 Pac. 665; *Smith v. Rader*, 31 Ida. 423, 173 Pac. 970; *Ryan v. Old Veteran Min. Co.*, 37 Ida. 625, 218 Pac. 381.) Where the suit is successful and the corporation is thereby enriched, the plaintiff stockholder is entitled to reimbursement from the corporation for his reasonable costs, expenses and attorney's fees. (14 C. J., sec. 1473, p. 948; note in 49 A. L. R. 1190, where many cases are reviewed.)

In the case at bar, the stock having been returned to the corporation, the only inquiry is, Was its restitution due to the initiation and maintenance of the present suit? If the stock was so returned, appellant is entitled to recover his reasonable expenses, including attorney's fees, and it is immaterial, since the principal object of the suit has been obtained, i. e., the return of the stock, whether

the act of the board of directors in selling Mr. Kingsbury the stock was authorized or not, or whether the action of the board of directors was subsequently ratified at one or more stockholders' meetings. (*Baker v. Seattle-Tacoma Power Co.,* 61 Wash. 578, 112 Pac. 647, 651, Ann. Cas. 1912C, 859.) The trial court should have heard the evidence on this point and determined whether the return of the 681,708 shares of stock was induced by the institution or pendency of this suit. If he so found, then appellant was entitled to judgment for his expenses and attorney's fees as fixed by the court, otherwise not.

Since the disposition made of the principal case renders passing on the application for a writ of supersedeas unnecessary, we refrain from doing so. Judgment reversed, with directions to grant a new trial for the purpose of determining the questions above stated. Costs to appellant.

Lee, C. J., and Budge and Givens, JJ., concur.

Mr. Justice Leeper did not participate.

Petition for rehearing denied.