(No. 6500.   December 20, 1938.)

COEUR D'ALENES LEAD COMPANY, a Corporation, Respondent, v. HENRY B. KINGSBURY and WALTER H. HANSON, Appellants.

[85 Pac. (2d) 691.]

Chas. E. Horning and F. C. Keane, for Appellants.

James A. Wayne and Gray & McNaughton, for Respondent.

GIVENS, J.—Respondent, an Idaho Corporation, with assessable shares, for that reason a reorganization of the Idaho Carbonate Hill Mining Company, a Washington corporation whose shares were not assessable, with sole assets of 500,000 shares of the Atlas Mining Company, likewise an assessable corporation, derived its only revenue from assessments on its shares, which as to the 500,000 shares of the Atlas Mining Company were in turn paid by assessments on its stockholders, and thus respondent raised, during the time involved herein, by seven assessments some $65,000.

Respondent claims in the present action that appellants, directors of respondent company from its organization to July 7, 1931, together with their co-directors, non-residents of Idaho and not served though sued herein, retained $711.45 which they now admit and offer to pay, hence no further discussion thereof is necessary; suffered a penalty of $576.06 to be charged against the respondent because of negligent failure to promptly pay certain documentary taxes to the Internal Revenue Department of the United States Government; retained $204.92 of an invalid assessment, and made unjustifiable payment of $5,030 attorney's fees in connection with three suits and various transactions.

Directors and officers of a corporation stand in a fiduciary relation to the corporation (sec. 29-141, I. C. A.; *Ryan v. Old Veteran Min. Co.*, 37 Ida. 625, 218 Pac. 381; *Riley v. Callahan Min. Co.*, 28 Ida. 525, 155 Pac. 665).

■    Appellants contend, with regard to the delay in payment of the stamp tax to the federal government they consulted counsel and considered no tax was leviable and thus it was merely an error of judgment and not a wrongful retention or diversion to other purposes of the assessment collected for that purpose. Plaintiff's Exhibit 14, a statement from the office of the Internal Revenue Collector for the District of Idaho, shows the tax was due on or before July 8, 1931, and $2,000 was paid on that date. Plaintiff's Exhibit 15 shows an assessment was collected by these directors May 1, 1931, to raise $2,425 in addition to the $1,000 then on hand; the notice to the stockholders stating:

'' . . . . As the money comes in from this assessment it will be applied upon the payment of the stamp tax which the government has assessed against the company as explained earlier in this letter.''

Assessment No. 7, introduced in connection with Plaintiff's Exhibit 4C shows $2,702.95 was paid by the stockholders on this assessment by the end of June, 1931, but Plaintiff's Exhibit 14 shows only $2,000 was paid the government by July, 1931, when the full amount of the tax could have been paid. It was not a question, therefore, of whether in the first instance on the advice of counsel or otherwise appellants had not paid the tax when due because not justifiably imposed, but reimbursement to the corporation is justified on the ground that contrary to their obligation to the corporation and its stockholders they did not pay when they had the money, which had been collected by assessment for that specific purpose, and loss resulted because by not so paying a penalty and interest were imposed, whereas if the payment had been promptly made, loss to the extent of the $576.06 would not have ensued.

■    On October 26, 1929, an agreement was made with appellant Kingsbury whereby he was to retain certain stock on which assessments were delinquent and thus sold to him, with, in effect, an option to buy or return such amount as he might desire, but not, in the interim, to pay any assessments levied thereon; and he did not, though on the return of the stock the corporation paid him interest on what he had initially paid on the stock.

Such an agreement was not legitimate as resulting directly in loss to the corporation because the two assessments levied while he so held the stock were not enforced against him or collected, thus were unequal upon the other stockholders. (*Seyberth v. American Com. etc. Co., Ltd.*, 42 Ida. 254, 245 Pac. 392; sec. 29–156, I. C. A.)  W. E. Greenough, a stockholder, on behalf of the corporation, brought suit to compel the return of this stock and its subjection to assessability, and attorney's fees.

The law is apparently well settled that where a stockholder brings an action for the benefit of the corporation and the suit terminates favorably to the stockholder and thus inures to the benefit of the corporation the stockholder is entitled to reimbursement for his expenses, including attorney's fees.  (*Fitzgerald v. Bass*, 122 Okl. 140, 252 Pac. 54, 49 A. L. R. 1141; *Steinfeld v. Zeckendorf*, 15 Ariz. 335, 138 Pac. 1044, 1047; *Forrester v. Boston & M. Consol. Copper & Silver Min. Co.*, 29 Mont. 397, 74 Pac. 1088, 1092, 76 Pac. 211; *Colley v. Sapp*, 44 Okl. 16, 142 Pac. 989, 1193, 1194; *Louisville Bridge Co. v. Dodd*, (Ky.) 85 S. W. 683; *Decatur Mineral Land Co. v. Palm*, 113 Ala. 531, 21 So. 315, 59 Am. St. 140; *Guay v. Holland System Hull Co.*, 244 Mass. 240, 138 N. E. 557, 560; *Graham v. Dubuque Specialty Mach. Works*, 138 Iowa, 456, 114 N. W. 619, 15 L. R. A., N. S., 729; *Sant v. Perronville Shingle Co.*, 179 Mich. 42, 146 N. W. 212; *In re Natural Dry Ginger Ale Corp.*, 9 Fed. Supp. 1003, 1004.)

This above case on appeal (*Greenough v. Coeur d'Alenes Lead Co.*, 52 Ida. 599, 18 Pac. (2d) 288) was remanded for the specific determination of this point:

" . . . . The trial court should have heard the evidence on this point and determined whether the return of the 681,708 shares of stock was induced by the institution or pendency of this suit.  If he so found, then appellant was entitled to judgment for his expenses and attorney's fees as fixed by the court, otherwise not."

In view of the discretionary power of directors of a corporation, since the above litigation was never continued to the point where it was adjudicated that the action by the stockholder was essential to the corporation's benefit, we cannot say that it was so decisively shown that the corporation

was not justified in paying appellant Hanson attorney's fees in this matter as to now justify their recapture from appellant Hanson.

The court found on uncontradicted evidence that on July 7, 1931, the defendants were in effect removed as directors of the respondent corporation, that is, an annual meeting of the stockholders was held and a new board of directors in which they were not included was elected. The new directors elected officers, and made demand upon their predecessors for the books, records and funds of the corporation. The two defendants neglected and refused to turn these books, records and funds over to their successors, but on the contrary, kept them for a time and then turned them over to other persons who took them to Vancouver, British Columbia, from which point they pretended to levy and partially collected an assessment upon stock of respondent corporation; that the defendants continued to usurp the functions of the board of directors until early in October, 1934, or a period of more than three years after they had been succeeded in office. Upon the British Columbia assessment $384.98 was collected, of this amount $180.06 was subsequently returned to stockholders, the balance was retained in the hands of the directors of respondent corporation at the time they were succeeded in office, and was either actually under the control of the appellants or had been permitted by them to pass under the control of subservient directors in Canada.

The only defense to this claim is that the corporation may not sue to recover these illegally collected assessments, but that only the assessed stockholders have such right.

Under the cloak of assuming to be directors and officers money was thus obtained by these appellants or through their actions. If the assessment was legal the corporation would clearly be entitled to the money; if illegal the stockholders could bring an action against the corporation because it was collected under the guise of corporate action, and the corporation thus has such an interest in the assessment as to justify it in suing for the return of this money. (*Glen Allen Min. Co. v. Park Galena Min. Co.*, 77 Utah, 362, 296 Pac. 231.)

The proper return to such stockholders by the corporation after collection, of such funds would be enforceable by such

stockholders but in no way affects or defeats the right of the corporation to sue therefor in the first instance as herein. The majority of the court, however, do not agree with the above conclusion.

■ W. E. Greenough was an officer and the largest single stockholder of respondent company and over a period of years attempted to inspect its books, a right to which he was entitled, (sec. 29–143, I. C. A.) but to accomplish his purpose was compelled to bring suit, the record of which was introduced herein as Plaintiff's Exhibit 12, disclosing there was no justification for payment of attorney's fees to appellants in defense of the action; there was no justification for refusing to permit Greenough to inspect the books and it should not have been necessary for him to have brought suit, and the trial court was justified in holding no attorney's fees should have been charged against the company in connection therewith by appellants, to which the majority herein except Budge, J., do not agree.

■ With regard to payment of attorney's fees because of the prayer in the complaint asking for enforcement of the statutory penalty for removal of the books out of the state (sec. 29–143, I. C. A.) the state is the only one who can recover that penalty, and the record shows that there was no real attempt made to collect or enforce this penalty, not so held by the majority, except Budge, J.

■ Conceding the burden of proof was on respondent, the trial court was justified, and we are justified, in noting that appellant directors, who are shown by the record to necessarily have known better than anyone else where and for what purpose this money was spent, did not testify, which makes applicable the rule that where a party possessed of knowledge of a matter does not produce such evidence there is a presumption that if he did so it would be inimical to his side. (*Vollmer v. Vollmer*, 46 Ida. 97, 108, 266 Pac. 677; *Garrett v. Neitzel*, 48 Ida. 727, 285 Pac. 472; *Common School Dist. No. 27 v. Twin Falls Nat. Bank*, 50 Ida. 668, 299 Pac. 662; *Federal Land Bank of Spokane v. Union Central Life Ins. Co.*, 51 Ida. 490, 6 Pac. (2d) 486; *Gem State Sales Co. v. Rudin Brothers, Inc.*, 55 Ida. 299, 41 Pac. (2d) 614, 615.)

If the recovery is susceptible of ascertainment by computation of a character not wholly unliquidated, which the majority agree the items allowed are, interest is recoverable. (*State v. Title Guaranty & Surety Co.*, 27 Ida. 752, 152 Pac. 189; *Barrett v. Northern Pac. Ry. Co.*, 29 Ida. 139, 157 Pac. 1016; *Medling v. Seawell*, 35 Ida. 333, 207 Pac. 137; *Gridley v. Ross*, 37 Ida. 693, 217 Pac. 989.) On a somewhat similar claim interest was allowed as here from the dates of diversion. (*McMillan v. National Wool Warehouse & Storage Co.*, (C. C. A., Ida.) 28 Fed. (2d) 793.)

The majority of the court are of the opinion that recovery may be had only for the $711.45 admittedly due, and the $576.06 penalty and interest for non-payment of the income tax, for which amounts with interest the judgment is accordingly affirmed.

Costs awarded to appellants.

Holden, C. J., and Morgan, Ailshie and Budge, JJ., concur.