436 P.2d 521

A. L. KNUTSEN, and the Kidd Island Bay
Development Corporation, Plain-
tiffs-Respondents,

v.

E. B. FRUSHOUR, Defendant-Appellant.

No. 9708.

Supreme Court of Idaho.

Jan. 25, 1968.

C. J. Hamilton, Coeur d'Alene, for ap-
pellant.

H. S. Sanderson, Coeur d'Alene, Peter
G. Leriget, Moscow, for appellees.

McQUADE, Justice.

At all pertinent times, A. L. Knutsen, a respondent, and appellant E. B. Frushour were directors and stockholders of respondent Kidd Island Bay Development Corporation.

The present action is both a class or representative action and a shareholder's derivative action brought by respondent Knutsen against appellant.

The district court found appellant had breached a fiduciary obligation by seizing a corporate opportunity of respondent corporation when he purchased in his own name (by trading for it land previously owned by the corporation) two parcels of land which respondent corporation was attempting to obtain. Therefore the court determined the land to be held in constructive trust for respondent corporation.

The court ordered conveyance to the corporation of those parts of the land still owned by appellant and ordered an accounting for those parts which appellant had sold. The court also awarded attorneys' fees to be paid from the recovery property to respondent Knutsen. Finding no error in that determination, we affirm.

Two issues are presented:

I. Whether sufficient competent evidence supports the trial court's finding that appellant breached a fiduciary obligation to respondent corporation when he purchased for himself certain parcels of land?

II. Whether under the circumstances, respondent Knutsen had justification to bring the present action as a shareholder's derivative suit without first having petitioned respondent corporation to institute suit in its own behalf?

Just before oral argument of the present appeal, a motion to delete one of the district court's findings was made on behalf of respondent corporation. The motion is denied on the following grounds. It is unreasonably tardy, for the findings were filed February 23, 1965, two and one-half years before oral argument. That re-

spondent Knutsen may not have served a copy of the findings on respondent corporation does not excuse this lack of diligence. Further, the matter contained in the finding concerning conspiracy and wrongdoing by several directors other than appellant is unnecessary for our consideration of the district court's decision.

I.

Respondent Kidd Island Bay Development Corporation was formed in December 1958. As its name implies, the corporation's business purpose was development of land around Kidd Island Bay. The Bay is part of Coeur d'Alene Lake in Idaho.

Since shortly after its inception, respondent corporation owned approximately two hundred and fifty acres of water frontage land at the head of the bay. This land previously had belonged to appellant who then had conveyed part to a son-in-law. Both thereafter conveyed their interests to a partnership whose principal members were the persons who then formed respondent corporation. The partnership conveyed this land to the corporation. This land generally extended east-west around the head of the bay. Adjacent to the land's northerly boundary on the west side of the bay was property which until 1962 belonged to Henry L. Day.

This Day property consisted of two parcels. One parcel was adjacent to respondent corporation's land, and was separated from the other parcel by a percolation field which Day had conveyed before 1958 to Campfire girls as a facility for their campsite. Part of the parcel adjacent to respondent corporation's land was shoreline property. The remainder of the two Day parcels, however, and the percolation field, were bounded on the shoreline by a fairly narrow strip of land belonging to appellant.

The district judge found respondent corporation, by its officers and directors, was "at all times after 1958" "desirous and anxious to purchase and acquire from one, Henry L. Day" the two parcels mentioned in the preceding paragraph. This acqui-

sition "was discussed in a confidential and fiduciary manner" at officers' and directors' meetings "commencing in 1960 and upon repeated occasions" since that time. Appellant had participated in these discussions, the court found, and he "well knew and was aware of the need and necessity of the acquisition" of such property "by the corporation and of the value and worth thereof."

The court further found appellant had been, at all pertinent times, an agent of respondent corporation "with respect to the acquisition for said corporation" of the two Day parcels.

In his dual fiduciary capacity as director and agent, the court found, appellant undertook to acquire the Day parcels by an exchange of a fifteen-acre tract of land then owned by the corporation, or, if unable to arrange this trade, by a money purchase. The court also found:

> "That upon repeated occasions after his said employment, the defendant, E. B. Frushour, did represent unto plaintiff, A. L. Knutsen and other officers, directors and stockholders of said corporation that he was negotiating for the acquisition of said Day property, for and on behalf of said corporation, and that no other agent, stockholder or officer of said corporation should interfere in the negotiations thereof, or in any way alert the owner, Henry L. Day, of the need, necessity and desire of said corporation to acquire said property."

During November 1961, the court found, appellant "falsely stated and represented to the officers, directors and stockholders" of respondent corporation, "that he was unable to negotiate for the [respondent corporation's] acquisition of" the desired Day parcels, but instead he informed them he had arranged on respondent corporation's behalf to sell to Henry L. Day for $2,000 the fifteen-acre tract of land which respondent corporation until then had hoped to trade to Day for the two desired parcels.

By warranty deed to Henry L. Day as grantee dated November 15, 1961, respondent corporation conveyed its fifteen-acre tract. In return, respondent corporation received a check in the sum of $1,800 dated December 20, 1961, from a realty company where appellant worked. The money came from a trust fund on deposit at the company. The funds were released by two men to whom appellant previously had promised to convey land in the area near Day's parcels. By quitclaim deed of December 19, 1961, Day conveyed his two parcels to appellant.

Actually, Day never offered to purchase respondent corporation's fifteen-acre tract of land; rather, he agreed to trade to appellant for it the two parcels which the court found respondent corporation desired and had directed appellant to obtain for the corporation. Nevertheless, respondent corporation's minutes for January 5, 1962, state: "Cox [corporation's attorney] reviewed the Day sale."

In this regard, the court found:

> "* * * in truth and fact, said defendant [appellant] had arranged with the said Day for an exchange of said properties as desired and contemplated by the corporation, but had, in violation of his fiduciary duties and obligations, failed and refused to inform the corporation of that fact and had falsely represented otherwise in order that he could carry out his fraudulent scheme to unlawfully take the title to said Day property in himself, to the deteriment of said corporaation."

At the time of trial, the court found, appellant was record owner of the two Day parcels except for the portions which appellant had contracted to sell and did sell to innocent purchasers for value "in furtherance of said fraudulent scheme, and for the purpose of obtaining money to pay the purported Day purchase price to said corporation."

■ The evidence adequately supports these findings. Appellant admits he agreed in August 1959 to attempt to procure the Day parcels for respondent corporation.

But he claims his only authorization was to offer Day an easement over some corporate property in return for the desired land. This was a "take it or leave it deal," appellant testified, on a "one shot basis."

To the contrary, each of the other four directors, and respondent corporation's attorney, testified appellant was instructed and agreed "to negotiate" on behalf of respondent corporation. The directors' order to negotiate, each said, expressly included an offer to trade for the two desired Day parcels the fifteen-acre tract of corporate land which in fact ultimately was conveyed to Day.

These directors testified respondent corporation had remained desirous of trading its tract for the Day parcels until the corporation, upon being informed by appellant that Day would not relinquish those parcels, sold the tract. Appellant himself testified:

"A  Yes, we [respondent corporation's directors] discussed it [acquisition of the Day land], that it would be nice to have that parcel of ground.

"Q  That was always the desire of the members, wasn't it?

"A  Well, it was kind of a dream.

"Q  But, even so, it was the hope of the corporation to acquire that, wasn't it?

"A  Yes.

"Q  And that desire never did change, did it?

"A  As far as I know, it didn't.

*    *    *    *    *    *

"Q  At the time you acquired that particular land from Mr. Day you knew that the corporation still desired to acquire it?

"A  I think I was aware that they desired it."

The only pertinent entry in respondent corporation's minutes is dated August 29, 1961, and states "Frushour [appellant] reported no new developments on the Day deal."

Appellant claims the district court committed reversible error by receiving testimony from respondent corporation's directors concerning their discussions with appellant regarding acquisition of the Day parcels. Before admitting such testimony, appellant contends, the court had to require the minutes of each pertinent meeting be placed in evidence.

"A minute, as its name implies, is a brief statement of what transpired at a meeting, usually of stockholders or directors." [1] Evidence besides the minutes is admissible to show what actually transpired at a directors' meeting,[2] especially where the minutes are silent concerning the business intended to be proved.

■  In the present action, respondent corporation's secretary testified the minutes were sketchy and did not contain references to all directors' discussions. Likewise, several directors testified the minutes were incomplete with respect to conversations concerning appellant's agreement to negotiate on behalf of respondent corporation for the Day parcels. Therefore, directors' testimony was admissible to prove appellant's discussions with the other directors regarding that transaction,[3] and so failure of the district court to require that the minutes be placed in evidence to lay a foundation for such testimony would not prejudice appellant.[4]

1. 19 Fletcher, Cyclopedia of Corporations § 8947 (rev. vol. 1959).

2. See Just v. Idaho Canal, etc., Co., Ltd., 16 Idaho 639, 102 P. 381 (1909); Bennett v. Propp, 41 Del.Ch. 14, 187 A.2d 405 (1962); Lano v. Rochester Germicide Co., 261 Minn. 556, 113 N.W.2d 460 (1962); Petrishen v. Westmoreland Finance Corporation, 394 Pa. 552, 147 A.2d 392 (1959) 5 Fletcher, Cyclopedia of Corporations § 2198 (rev. vol. 1967); 19

id. § 8947 (rev. vol. 1959); Bell, Handbook of Evidence for the Idaho Lawyer 192 (1957); see generally Annot., Admissibility of Parol Evidence as to Proceedings of Stockholders or Directors of Private Corporations or Associations, 48 A.L.R.2d 1259 (1956).

3. Authority cited n. 2, supra.

4. See Idaho R. Civ.P. 61; cf. Hawkins v. Chandler, 88 Idaho 20, 396 P.2d 123 (1964).

The trial court found appellant, as a director, stood in fiduciary relation to respondent corporation,[5] and he breached that relation by seizing the corporation's opportunity to obtain the desired Day parcels.[6] This conclusion that appellant breached an obligation of trust to respondent corporation also follows from the court's finding that appellant was an agent of respondent corporation with respect to obtaining the parcels.[7]

## II.

Concerning the court's judgment granting attorneys' fees to respondent Knutson, appellant notes that prior to instituting the present action, Knutsen did not formally demand that respondent corporation attempt to recover from appellant, and contends such failure should bar an award of attorneys' fees.

A cause of action based on conduct injurious to a corporation accrues in the first instance to the corporation, and only derivatively to its stockholders. Prerequisite to a derivative action, a stockholder must show the corporation has refused a demand to sue or that such demand is excused as futile under the circumstances.[8] However, attorneys' fees may be awarded a shareholder who properly brings a successful derivative action.[9]

Respondent corporation's former attorney testified he had advised the directors "to bring suit against Mr. Frushour [appellant] on the ground for which this suit [the present action] has been brought." The corporation did not accept this advice.[10] Respondent Knutsen testified director Arthur L. Fall, president of respondent corporation and son-in-law of appellant, had known of appellant's transaction concerning the Day parcels weeks before he, Knutsen, discovered it; yet Fall had done nothing.

Under the circumstances, it was a question of fact whether respondent Knutsen was excused from making formal demand for legal action upon respondent corporation. The district judge found "any such demand would have been futile." The judge had discretion in this regard,[11] and we conclude that his finding was not an abuse of that discretion.

Appellant also urges a corporate director may engage in independent personal business activities, noting respondent corporation had no proscription against its directors concerning themselves in outside real estate transactions. Appellant's argument is immaterial on the present facts, however, for as the district court found (and we have affirmed that finding), the particular real estate transaction here involved had as its subject two parcels of land for which respondent corporation had authorized appellant to negotiate. And as appellant's brief says, directors are not precluded from transacting personal business

5. I.C. § 30–402; Melgard v. Moscow Idaho Seed Co., 73 Idaho 265, 251 P.2d 546 (1953); cf. Hanny v. Sunnyside Ditch Co., 82 Idaho 271, 353 P.2d 406 (1960); see also Application of Intermountain Gas Co., 77 Idaho 188, 195, 289 P.2d 933, 938 (1955).

6. Cf. I.C. § 30–402; Melgard v. Moscow Idaho Seed Co., supra n. 5; see generally 3 Fletcher, Cyclopedia of Corporations § 861 (rev. vol. 1965).

7. Cf. Jensen v. Sidney Stevens Implement Co., 36 Idaho 348, 210 P. 1003 (1922).

8. Fortner v. Cornell, 66 Idaho 512, 163 P.2d 299 (1945); Stedtfeld v. Eddy, 45 Idaho 584, 264 P. 381 (1928); Morton v. Morton Realty Co., 41 Idaho 729, 241 P. 1014 (1925); Ryan v. Old Veteran Min. Co., 37 Idaho 625, 218 P. 381 (1923); Smith v. Rader, 31 Idaho 423, 173 P. 970 (1918); Just v. Idaho Canal Etc. Co., Ltd., supra n. 2; see generally, Note, Demand on Directors and Shareholders as a Prerequisite to a Derivative Suit, 73 Harv.L.Rev. 746 (1960).

9. Coeur D'Alenes Lead Co. v. Kingsbury, 59 Idaho 627, 85 P.2d 691 (1938).

10. Respondent Knutsen joined respondent corporation as a defendant in an amended complaint file February 12, 1964; at the beginning of trial, October 21, 1964, respondent corporation at its own request became a plaintiff.

11. See 13 Fletcher, Cyclopedia of Corporations § 5965, and cases cited n. 89, p. 469 (rev. vol. 1961).

"provided they do so in good faith and do not interfere with the business enjoyed by" their corporation.

Appellant also notes he owned a narrow strip of shoreline land bordered westerly by most of the land contained in the two Day parcels. He presented evidence on this point and attempted to establish that this situation showed he himself had more need than did respondent corporation for the Day parcels. However, the inferences to be drawn from that evidence were for the district court,[12] and the judge found against appellant's contention. We do not, nor need we, know why appellant agreed to negotiate on behalf of respondent corporation for the Day parcels. The important point is the evidence supports the district court's finding that appellant in fact did so agree.

Appellant also urges respondent corporation had no funds to offer Day for his two parcels when appellant took title to the parcels in his own name. This is immaterial because respondent corporation did own at that time the fifteen-acre tract which Day accepted in return for his two parcels.

Judgment affirmed. Costs to respondent.

TAYLOR, C. J., SMITH, J., and COGS- WELL, NORRIS, D. J., concur.

---

12. Meridian Bowling Lanes, Inc., v. Brown, 90 Idaho 403, 412 P.2d 586 (1966); cf. White v. Boydstun, 91 Idaho 615, 428 P.2d 747 (1967).