**DOTTENHEIM et al. v. EMERSON ELECTRIC MFG. CO.**

**Civ. No. 7072.**

District Court,, E. D. New York.

April 17, 1947.

Milton Pollack, of New York City, for plaintiff Lawrence B. Dottenheim.

Crawford & Parsons, of New York City, for defendant.

GALSTON, District Judge.

Pursuant to Rule 39, Sec. a (1, 2), of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, the defendant has moved to set aside the plaintiffs' demand for a jury trial.

It appears from the amended complaint that the plaintiff Dottenheim is a stockholder of the defendant. It is alleged that W. Stuart Symington was president of the corporation, and that he purchased 20,000 shares of the common stock of the defendant and sold them at a profit of $57,872. It is therefore alleged that under the provisions of Sec. 16(b) of the Security and Exchange Act of 1934, 15 U.S.C.A. § 78p (b), that profit inured to and was recoverable by the defendant. Symington failed to pay the profit to the defendant and the corporation, with notice and knowledge of

the facts, failed to demand the profit from him.

As a stockholder, Dottenheim investigated the matter for the purpose of determining whether the transactions were within the framework of the statute. To that end, Dottenheim employed an attorney, Morton Frederick, and as a result of the facts ascertained, the defendant was requested to commence suit against Symington. It is alleged that in consequence thereof, Symington paid to the defendant the aforesaid profits.

Dottenheim, in this cause of action, seeks to recover the reasonable value of the services of the said attorney, which he alleges is not less than $14,468.

The defendant contends that the cause of action thus alleged seeks relief which could be granted only by a court of equity, and that therefore the plaintiff is not entitled to a trial by jury.

There is no provision in the statute under consideration with respect to reimbursement of a stockholder for expenses which were incurred by him in the circumstances set forth in this suit.

The defendant had previously made a motion to dismiss the complaint before another judge of the court. The motion was granted as to the second cause of action (which related to an assignment by Frederick to the plaintiff Sylvia Raizman of his claim against the defendant). Judge Inch wrote: "It is well established that as a prerequisite to a recovery upon implied contract, the plaintiff must allege and prove, either an express contract of hire * * * or the existence of circumstances from which * * * an agreement may be inferred."

It seems perfectly clear from a reading of the complaint that plaintiffs' cause of action is of an equitable nature. If it had arisen before the adoption of the Federal Rules of Civil Procedure, it certainly could not have been tried on the jury side of the court. Our rules of civil procedure neither enlarged nor diminished the pre-existing law as to the right of a trial by jury.

The motion is granted. Settle order.