Philip **SCHECHTMAN**, Plaintiff,

v.

Louis E. **WOLFSON**, J. A. B. Broadwater, E. B. Gerbert, David A. Goodkind, Robert E. Harvey, Alexander Rittmaster, Edward L. Teale, Cecil Wolfson, Samuel Wolfson, H. W. Pierce, Robert C. Baker, Robert L. Purcell, Doran S. Weinstein, M. F. Bloomenstiel, Thomas A. Scott, R. O. Baum, Chester A. Beckley, William Denny, Mason Bogen, Paul H. Hershey, C. A. Pitts, Carl McFarlin, Sr., A. I. Savin, Marshal G. Staub, Bernice Fitzgibbon, New York Shipbuilding Corporation, Devoe & Raynolds Company, Inc., and Merritt-Chapman & Scott Corporation, Defendants.

United States District Court
S. D. New York.
June 1, 1956.

Kaufman, Imberman & Taylor, New York City, for plaintiff, Irwin M. Taylor, New York City, of counsel.

Manning, Hollinger & Shea, New York City, for defendants, Edwin A. Lewis, William E. De Bevoise, New York City, of counsel.

DIMOCK, District Judge.

This is a motion for an award of counsel fees to plaintiff's attorney in a stockholder's derivative action.

Plaintiff is a stockholder in defendant Merritt-Chapman & Scott Corporation (hereinafter called Merritt). He sues on behalf of the corporation to compel three named defendants, two, Louis Wolfson and Alexander Rittmaster, being directors of Merritt and one, Bernice Fitzgibbon, being alleged to be under the control of defendant Wolfson, to resign from their positions as directors of Montgomery Ward & Co., Inc. (hereinafter called Ward). The complaint alleges that Ward and subsidiaries of Merritt are competitors in interstate commerce, that section 19 of Title 15, United States Code, prohibits any individual from being a director of two such competing corporations and that therefore Merritt is subject to criminal and civil prosecution because of this alleged violation. The complaint was filed on December 12, 1955, after a demand to correct this alleged wrong had been made upon the corporation and refused. On January 3, 1956, defendants moved to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted. This motion was denied on January 19, 1956. Thereafter, on January 27, 1956, defendant Wolfson resigned from the Board of Directors of Ward. On February 24, 1956, defendant Rittmaster likewise resigned as a director of Ward. Defendant Fitzgibbon did

not resign but her term as director of Ward expired on April 27, 1956 and she did not seek reelection.

The parties agreed that this departure of these three named defendants from their positions as directors of Ward mooted this action. I therefore granted from the bench defendants' motion for summary judgment on that ground. The only question that remains in the action is that of counsel fees for plaintiff's attorneys.

Plaintiff's attorneys allege that the resignations of two from the Ward board of directors and the third's failure to seek reelection were caused by the institution of this action. Plaintiff's attorneys summarize the benefit thereby accruing to Merritt as follows: (1) avoidance of possible criminal penalties and fines; (2) avoidance of possible treble damage suits by injured parties; (3) prevention of further damage to Merritt; (4) Wolfson "a man of unusual executive ability and imagination" will now give full time to Merritt; and (5) avoidance of litigation expenses in connection with possible criminal or civil prosecutions.

Defendants oppose any award of counsel fees. They contend that Merritt and Ward were not in competition with each other so that plaintiff's allegation of violation of the anti-trust laws had no validity, that the three named individuals left their positions as directors of Ward of their own volition, and that no benefit accrued to Merritt from this suit.

■ To entitle a plaintiff to his legal expenses where he has accomplished his purpose in a derivative action without proceeding to judgment I do not believe that it is always necessary to demonstrate that he would have been entitled to judgment. Here, for example, if plaintiff should establish that the question of competition was so close that expensive litigation was likely unless the interlocking directorates were unlocked, the mere fact that he could not prove that he would have been entitled to a judgment to that effect ought not to deprive him of reimbursement. The question whether there was competition is, however, so close that it is not easy to say that the dissolution of the interlocking directorates resulted in the avoidance of a real danger of legal expense.

Defendants Wolfson and Rittmaster, by affidavit, deny that their resignations were in any way prompted by this action. Defendant Fitzgibbon, by affidavit, denies that she was under the control of defendant Wolfson, but makes no explanation of her failure to seek reelection.

It is difficult to believe that the commencement of this action played no part in the resignations of defendants Wolfson and Rittmaster. They protest that they had accomplished their mission with Ward but I cannot see why it was necessary to resign instead of waiting until the next annual meeting on April 27.

Plaintiff's claim that the resignations resulted in benefit to Merritt raises other difficult questions.

■ It is not necessary, however, for me to pass upon the validity of plaintiff's claim of benefit or his claim as to the existence of competition or his claim as to the part played by his efforts in the resignations because I think that he is debarred from reimbursement of counsel fees by his failure initially to invoke the aid of the Federal Trade Commission. For all that appears, he could have obtained for Merritt gratuitously from the Commission everything for which he now asks Merritt to reimburse his attorneys.

■ By section 21 of title 15 of the United States Code, if the Federal Trade Commission has reason to believe that any person is violating the interlocking directorate provisions of section 19, it is required to issue a complaint and, after hearing, may issue "an order requiring such person to cease and desist". Under Rule 4 of the Federal Trade Commission's Rules of Practice, printed following 15 U.S.C. § 45, "[a]ny person, partnership, corporation or association may

apply to the Commission to institute" such a proceeding. As was said in Federal Trade Comm. v. Klesner, 280 U.S. 19, 25, 50 S.Ct. 1, 74 L.Ed. 138, the Commission bears the entire expense of the prosecution.

■■ Lawyers consulted by a stockholder who seeks redress of wrongs which he feels the corporation is suffering should, wherever a gratuitous remedy is afforded, so advise their client. If the client insists upon proceeding privately before ascertaining that the gratuitous remedy is not forthcoming, he cannot thereafter, even if successful in obtaining redress, charge the corporation with the expense that he has voluntarily assumed.

The motion to dismiss the complaint is granted. The application for a counsel fee is denied.