**Philip SCHECHTMAN, Plaintiff-Appellant,**

v.

**Louis E. WOLFSON et al., Defendants-Appellees.**

**No. 147, Docket 24225.**

United States Court of Appeals Second Circuit.

Argued Feb. 4, 1957.

Decided May 2, 1957.

Irwin M. Taylor, of Kaufman, Imberman & Taylor, New York City, for plaintiff-appellant.

Bruce A. Hecker, New York City (William A. Shea and Ralph L. Ellis, of Manning, Hollinger & Shea, New York City, on the brief), for defendants-appellees.

Before CLARK, Chief Judge, MEDINA, Circuit Judge, and SMITH, District Judge.

CLARK, Chief Judge.

Plaintiff appeals from the refusal to allow him counsel fees in a shareholders' derivative action involving somewhat novel circumstances. The action was aimed at interlocking directorates in competing corporations in violation of § 8 of the Clayton Act, 15 U.S.C. § 19. Judge Dimock in a reasoned opinion, D.C. S.D.N.Y., 141 F.Supp. 453, denied recompense to counsel on the ground that the primary remedy was with the Federal Trade Commission, which has jurisdiction under 15 U.S.C. § 21 to issue cease and desist orders in the premises. The judge thought that plaintiff could have obtained for his corporation gratuitously from the Commission everything for which he now asks the corporation to reimburse his attorneys. Since we can see no showing of ultimate benefit to the corporation we think the result reached was correct, although we do not accept the basis assigned below.

Plaintiff is a shareholder in Merritt-Chapman & Scott Corporation and brought this action as a derivative suit on behalf of the corporation primarily to enjoin defendants Louis E. Wolfson and Alexander Rittmaster from serving as directors of this corporation at the same time as they served as directors of Montgomery Ward & Co., Inc. He alleged that the two corporations or subsidiaries were in competition in the manufacture and sale of paint and some household appliances. Other relief in addition to the mandatory injunction was sought, including damages, reimbursement of defendant Merritt and its subsidiaries of expenses or penalties incurred and counsel fees for himself. Judge Herlands denied a defendants' motion to dismiss for failure to state a claim, and thereafter Wolfson and Rittmaster resigned as directors of Montgomery Ward. Defendants then sought dismissal on the ground that the case had become moot, while plaintiff without contesting this point sought counsel fees of $25,000 by cross motion. Judge Dimock, in the opinion above cited, ordered the action dismissed, but refused plaintiff counsel fees as stated above. This appeal is not from the dismissal, but only from the refusal of counsel fees.

There is nothing in the record to make clear who is to pay the counsel fees. Obviously no fund has been built up or recovered from which they can be paid. The demand for judgment for counsel fees is directed against all the defendants, thus including Merritt and its two subsidiary corporations, as well as the directors of Merritt or its subsidiaries, and also including at least one Ward director. Presumably plaintiff expects

payment eventually at least from the corporation he claims to be benefiting, but the ambiguity inherent in his demand tends to highlight the uncertain nature of the supposed benefits.

■ There is nothing in the statute which restricts remedy against interlocking directorates to action by the Commission. It seems well known that the Commission has found little occasion, and perhaps little incentive, to take action in the premises. See Kramer, Interlocking Directorships and the Clayton Act After 35 Years, 59 Yale L.J. 1266; 105 U. of Pa.L.Rev. 261, 264, notes 27, 28; 54 Col.L.Rev. 130. Apparently competitors, who could sue under 15 U.S.C. § 15 or § 26, have little motivation to pursue this obviously preventive remedy against antitrust violations [1] until there is more direct prospect of harm and of treble damages than mere interlocking suggests. Actually the two reported cases to date were government injunction actions. United States v. W. T. Grant Co., 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303; United States v. Sears, Roebuck & Co., D.C.S.D.N.Y., 111 F.Supp. 614. Vicarious prosecution has been quite usual and presumably effective in various areas of public interest, and there seems little doubt but that the spur of counsel fees adds greatly to the likelihood of private law enforcement. As urged in several critical notes on this case, 70 Harv.L.Rev. 369; 66 Yale L.J. 413; 105 U. of Pa. L.Rev. 261; 9 Stan.L.Rev. 387, it seems not in the public interest to require shareholders to await delaying or nonexistent agency action. Enforcement of antitrust policy will be better advanced by complementary action within the grasp of both public and private interests. Such seems to be the view in representative analogous situations. Thus, though the New York Attorney General is under a legal duty to sue to right corporate wrongs, no one has thought that shareholders should therefore be deprived of allowances for counsel. N.Y. General Corporation Law, McKinney's Consol.Laws, c. 23, §§ 60, 61, 61–b; Shielcrawt v. Moffett, 294 N.Y. 180, 61 N. E.2d 435, 159 A.L.R. 971. Similar are cases involving derivative suits pressed while S. E. C. proceedings were not only possible, but pending, e.g., Howard v. Furst, D.C.S.D.N.Y., 140 F.Supp. 507; Horwitz v. Balaban, D.C.S.D.N.Y., 112 F.Supp. 99; Dederick v. North American Co., D.C.S.D.N.Y., 48 F.Supp. 410. See also Goldstein v. Groesbeck, 2 Cir., 142 F.2d 422, 154 A.L.R. 1285, certiorari denied 323 U.S. 737, 65 S.Ct. 36, 89 L. Ed. 590 (derivative action permitted where S.E.C. had jurisdiction); De Koven v. Lake Shore & M. S. Ry. Co., D.C. S.D.N.Y., 216 F. 955 (same, where Attorney General could have enjoined merger).

The defendants also urge that the motion for counsel fees be denied under Decorative Stone Co. v. Building Trades Council of Westchester County, 2 Cir., 23 F.2d 426, 428, certiorari denied 277 U.S. 594, 48 S.Ct. 530, 72 L.Ed. 1005, and Milgram v. Loew's Inc., 3 Cir., 192 F.2d 579, 587, certiorari denied Loew's Inc. v. Milgram, 343 U.S. 929, 72 S.Ct. 762, 96 L. Ed. 1339, both holding that 15 U.S.C. §§ 15, 26, prevent bringing a derivative suit to enforce the antitrust laws "at law" and prevent an award of counsel fees if the suit is brought "in equity," since the provision therefor of § 15 applies only at law. Disallowance of counsel fees means that for all practical purposes there will be virtually no derivative suits brought to enforce the antitrust laws under these sections. See the law review notes supra and the authorities they cite. In Fanchon & Marco, Inc., v. Paramount Pictures, 2 Cir., 202 F.2d 731, 734–735, 36 A.L.R.2d 1336, we rejected the idea that antitrust derivative suits could not be brought under 15 U.S.C. § 26; and it would be foolish indeed not to

---

1. See United States v. Sears, Roebuck & Co., D.C.S.D.N.Y., 111 F.Supp. 614, 616 (Weinfeld, J.): " * * * what Congress intended by § 8 was to nip in the bud incipient violations of the antitrust laws by removing the opportunity or temptation to such violations through interlocking directorates."

hold that, although the suits can be brought, counsel fees cannot be recovered. This contention stems from ancient learning quite out of place under modern conditions and with the fused civil action of the federal rules.

■ The defendants' third argument, however, has merit. We agree that the plaintiff has failed to prove sufficient benefit to the corporation to entitle his attorney to reimbursement from the defendants. 15 U.S.C. § 26 allows "injunctive relief * * * when and under the same conditions and principles as injunctive relief against threatened conduct that will cause loss or damage is granted by courts of equity, under the rules governing such proceedings, * * *." The modern equity practice is to allow counsel fees to successful prosecutors of derivative suits although no judgment has been obtained if they show substantial benefit to the corporation through their efforts, e.g., Pergament v. Kaiser-Frazer Corp., 6 Cir., 224 F.2d 80; Baker v. Seattle-Tacoma Power Co., 61 Wash. 578, 112 P. 647; Greenough v. Coeur D'Alenes Lead Co., 52 Idaho 599, 18 P.2d 288. Nor is it necessary that a cash fund be produced. See cases cited in Hornstein, Legal Therapeutics: The "Salvage" Factor in Counsel Fee Awards, 69 Harv.L. Rev. 658, 678, 680; Abrams v. Textile Realty Corp., Sup., 97 N.Y.S.2d 492. But there should be some check on derivative actions lest they be purely strike suits of great nuisance and no affirmative good, and hence it is ruled generally that the benefit to the corporation and the general body of shareholders must be substantial.

■ In lengthy and detailed affidavits by his counsel, plaintiff attempted to show a variety of important and valuable benefits he had conferred on the corporation. It is obvious that he has included all that can be thought of even remotely in this connection. But the very vigor of assertion highlights their fanciful, contrived, and mutually inconsistent character. Thus he stresses the possibility of penalties and damages being assessed; but while these might have affected the individuals, it seems highly doubtful that they could have been assessed against the corporation.[2] Next plaintiff contends that, even if no action could have been brought successfully against Merritt, he saved the corporation from the expense and publicity of having to defend. Thus plaintiff anomalously counts it as a benefit that he exposed the corporation to litigation expense and notoriety in an effort to erase the risk that others might do the same thing. Finally plaintiff points to the fact that Merritt now has more of Mr. Wolfson's services which it previously shared with Montgomery Ward. Presumably Montgomery Ward's claim to Mr. Wolfson's efforts was as valid as Merritt's, and the district court would not have enjoined Mr. Wolfson to devote himself solely to Merritt; at best plaintiff could have obtained an injunction forcing the erring directors to choose one corporation or the other. Having thus jeopardized Merritt's claim to what plaintiff calls "a man of unusual ability and imagination * * * capable and invaluable," plaintiff can hardly count it a benefit that Mr. Wolfson eventually chose this corporation rather than the other. Indeed, in almost the same breath he claims to have saved the corporation from Wolfson's activities and reputation as an overdaring financier. That he thus cannot himself determine which way the benefit lies and indeed which corporation he is benefiting is convincing demonstration of the purely speculative nature of his claim.

Affirmed.

2. The corporation was joined as a party defendant in the two cases cited, but the point was not referred to in United States v. Sears, Roebuck & Co., D.C.S.D.

N.Y., 111 F.Supp. 614, and was particularly reserved in United States v. W. T. Grant Co., 345 U.S. 629, 634, note 8, 73 S.Ct. 894, 97 L.Ed. 1303.