GLOBUS, INC., Plaintiff,

v.

David B. JAROFF, Rita Darer, Alan Silver and Techmation Corp., Defendants.

No. 66 Civ. 2656.

United States District Court
S. D. New York.

July 7, 1967.

Mortimer M. Lerner, New York City, for plaintiff.

Louis Kipnis, New York City, for defendants Jaroff and Techmation Corp.

## MEMORANDUM

BONSAL, District Judge.

Plaintiff moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Plaintiff, a registered broker-dealer incorporated under the laws of New York, is and, during the period complained of, was the owner of 8,750 shares of Techmation Corporation (Techmation). Plaintiff sues derivatively on behalf of Techmation alleging that the directors of Techmation, who are the individual defendants in this action, violated Section 10(b) of the Securities Exchange Act of 1934 (the 1934 Act) and Rule 10b–5 promulgated pursuant thereto in obtaining shareholder approval of a restricted stock option granted to the defendant Jaroff by means of misleading proxy material.

Techmation, a New York corporation, is engaged in producing automated and semi-automated machinery for the manufacture of specialty items. Since its shares are not listed on any national exchange, it is not subject to the proxy rules under the 1934 Act. Its board of directors consists of defendant Jaroff, its president and chief executive officer; defendant Darer, Jaroff's sister; and defendant Silver, Jaroff's nominee.

In a memorandum dated March 16, 1967, Judge Croake of this court denied defendants' motion to dismiss pursuant to Rules 12(b) and 23.1 of the Federal Rules of Civil Procedure. Globus, Inc. v. Jaroff, 266 F.Supp. 524 (S.D.N.Y. 1967). Judge Croake held that the question as to plaintiff's right to maintain a derivative action on behalf of Techmation as the issuer of its own stock had been "definitively answered in the affirmative" in Ruckle v. Roto American Corp., 339 F.2d 24 (2d Cir. 1964); that the complaint herein "set forth with sufficient clarity and particularity a claim of deception"; and that causation was "a matter to be developed and proved at trial."

As to plaintiff's claim of deception, the following facts appear to be without substantial controversy and are specified by the court pursuant to Rule 56(d) of the Federal Rules of Civil Procedure:

On January 5, 1965 Techmation's board of directors voted to grant to the defendant Jaroff a restricted stock option which provided in pertinent part that:

1. The Company hereby grants to David Jaroff the option to purchase at 110% of the fair market value of its shares, to wit, at 82½¢ per share, 10,000 shares per year of its capital stock, par value 1¢ per share, for a period of ten years from the date hereof, and cumulative up to 100,000 shares that is to say that if in any one year 10,000 shares are not purchased by Mr. Jaroff that he may purchase such shares in any subsequent year but prior to January 5, 1974, or such later date which shall be ten years from the effective date hereof.

\* \* \* \* \* \* \*

5. When the Company next registers next registers [sic] any shares

for issuance to the public either under the Securities Act of 1933 or any exemption available under any regulation thereof, the Company at its own cost, will include for registration or exemption the shares covered by the within option in order to make them equally available for sale or distribution to the public.

\* \* \* \* \* \* \*

8. This option shall become effective and the ten year period shall begin to run only after it has been authorized at a meeting of shareholders by the holders of a majority of all outstanding shares entitled to vote thereon as provided by law.

No shareholders' action was sought pursuant to paragraph 8 of the option agreement for some eighteen months. On June 10, 1966, on which date Techmation stock was quoted in the over-the-counter market at $1.125 bid, $1.375 ask, Techmation mailed a "Notice of Special Meeting" to its shareholders stating that a special meeting of stockholders would be held on Saturday, July 2, 1966 for the purpose, among others, of:

2. Approving and ratifying the acts of the Board of Directors and officers of the Corporation including the ratification of the grant of a restricted stock option to David B. Jaroff, President of the Corporation to purchase shares of the Corporation at 110% of the then quoted market price at the time of the grant over a ten year period, cumulative over said period with respect to options not exercised in any one year.

This statement of purpose was repeated in the second paragraph of the form of proxy attached to the "Notice of Special Meeting." At the Special Meeting on July 2, 1966, Techmation's shareholders voted, in person or by proxy, to approve the option agreement.

It is apparent from the foregoing specification of facts that the individual defendants, in soliciting proxies for the approval of the stock option agreement, failed to furnish material information to Techmation shareholders, including: (1) the number of shares covered in the option agreement (approximately 40% of the total number of Techmation shares then outstanding); (2) the option price (which on the date of the "Notice of Special Meeting" to shareholders was 60% of the quoted asking price in the over-the-counter market); and (3) the obligation of Techmation, when it next registered shares under the Securities Act of 1933 for issuance to the public, to register at its own expense the shares covered by the option agreement.

It is axiomatic that a corporation may be a seller of its own securities, that an option agreement is a security under the 1934 Act, and that corporate officers and directors may be guilty of fraud if they fail to disclose material information for their own advantage. 15 U.S.C. 78c(a) (10); Ruckle v. Roto American Corp., supra; Hooper v. Mountain States Securities Corp., 282 F.2d 195 (5th Cir. 1960); Globus, Inc. v. Jaroff, supra; Heilbrunn v. Hanover Equities Corp., 259 F.Supp. 936 (S.D. N.Y.1966); S. E. C. v. Texas Gulf Sulphur Corp., 258 F.Supp. 262 (S.D.N.Y. 1966); Simon v. New Haven Board & Carton Co., 250 F.Supp. 297 (D.Conn. 1966); Dembitzer v. The First Republic Corp. of America, CCH, Fed.Sec.L.Rep., ¶ 91,445 (S.D.N.Y.1964); New Park Mining Co. v. Cranmer, 225 F.Supp. 261 (S.D.N.Y.1963). Therefore, the plaintiff has established that the option agreement was entered into between Techmation and the defendant Jaroff; that the defendants, in the solicitation of proxies to obtain ratification of the option agreement, "omit[ted] to state \* \* \* material fact[s] necessary in order to make the statements made \* \* \* not misleading" which "operate[d] as a fraud or deceit upon" Techmation and its shareholders "in connection with the purchase or sale" of securities; and that such omissions constituted a violation of Section 10(b) and Rule 10b-5.

However, the plaintiff must also establish that the violation of the section

and rule was causally related to the ratification of the option agreement. See, List v. Fashion Park, Inc., 340 F.2d 457 (2d Cir. 1965); Hoover v. Allen, 241 F.Supp. 213 (S.D.N.Y.1965); Barnett v. Anaconda Co., 238 F.Supp. 766 (S.D.N.Y.1965). To establish causation, the plaintiff contends that defendant Jaroff's counsel has conceded that without the solicited proxies, there would not have been a quorum at the July 2, 1966 special meeting and there would not have been sufficient votes to approve the stock option agreement. Defendant Jaroff and his counsel reply that the purported concessions were imprudently made and are not, in fact, true.

■ Plaintiff need not establish causation in a strictly mathematical sense. Globus, Inc. v. Jaroff, supra. It may be that where any element of a corporation's decision making body is not furnished with all material information relevant to a proposed transaction, causation will be inferred. Ruckle v. Roto American, supra; Simon v. New Haven Board & Carton Co., supra. Certainly, there are benefits in full disclosure beyond the mere assurance that corporate action will be taken by the vote of an informed majority. If the majority is required to reveal all the facts, including those which may harm minority interests, it may decide to forego a vote. In any event, with full disclosure the minority is in a better position to protect its interests. See, Laurenzano v. Einbender, 264 F.Supp. 356 (E.D.N.Y.1966).

■ It does not appear, however, how many votes could have been cast at the July 2, 1966 special meeting, how many votes were cast in favor of and in opposition to ratification of the stock option agreement, how many votes cast in favor of ratification were obtained pursuant to the proxy solicitation, or how many votes cast in favor of ratification were cast by the defendant Jaroff and by others who either knew the terms of the stock option agreement or had given Jaroff an irrevocable proxy. Standards governing causation in actions under the 1934 Act have not yet been precisely formulated by the federal courts. See, Barnett v. Anaconda Co., supra; compare, Laurenzano v. Einbender, supra. However, until the foregoing facts have been established, plaintiff may not have summary judgment.

Accordingly, plaintiff's motion for summary judgment is denied without prejudice to its renewal when all facts bearing on the element of causation have been developed through discovery or otherwise.

Settle order on notice.