Alexander KAHAN, on behalf of himself and all others similarly situated, Plaintiff,

v.

Lewis ROSENSTIEL et al., Defendants.

Civ. A. No. 3509.

United States District Court
D. Delaware.

June 10, 1969.

William Prickett, Rodman Ward, Jr., and Roger Sanders, Prickett, Ward, Burt & Sanders, Wilmington, Del., Harold E. Kohn, Bruce W. Kauffman and David Pittinsky, Dilworth, Paxson, Kalish, Kohn & Levy, Philadelphia, Pa.; and Alexander Kahan, New York City, of counsel, for plaintiff.

S. Samuel Arsht, Walter K. Stapleton, and Lewis S. Black, Jr., Morris, Nichols, Arsht & Tunnell, Wilmington, Del. and Marc Cherno, New York City, of counsel, for defendants, Glen Alden Corp. and Meshulam Riklis.

Richard F. Corroon and Michael D. Goldman, Potter, Anderson & Corroon, Wilmington, Del., for defendant, Dorothy H. and Lewis Rosenstiel Foundation, and defendants, R. G. Smith, E. R. Deutsche, Charles B. Buscher, H. S. Feldman, Sylvan Oestreicher, J. L. Morris, Theodore Gommi, D. A. Chernow, W. E. Devereaux, Bernard Goldberg, G. D. Kuhn, L. B. Nichols, John Mackie and Theodore C. Wiehe.

## OPINION

WRIGHT, Chief Judge.

The Court has before it the petition of plaintiff, Alexander Kahan, for costs, expenses, and counsel fees arising out of plaintiff's individual and representative action for damages under § 10(b) of the Securities Exchange Act of 1934, 15 U. S.C. § 78j(b), and Rule 10b–5 promulgated thereunder. Plaintiff's petition assumes an unusual cast, however, because the underlying damage action which generated plaintiff's legal expenses has been rendered moot by unilateral action of certain defendants. Plaintiff is thus left without a judgment or a settlement but only with the claim that defendants' dispositive action was prompted solely by plaintiff's diligent prosecution of the lawsuit. It is on this basis that plaintiff seeks compensation for his efforts in bringing about a result satisfactory to his class. Notwithstanding the mootness of the original damage claim, plaintiff's petition will be treated as a cause of action ancillary to that claim, as to which the Court admittedly had jurisdiction.[1] See Globus, Inc. v. Jaroff, 279 F.Supp. 807, 809 (S.D.N.Y.1968).

The background of this litigation may be set forth briefly. The Amended Complaint asserts that plaintiff is a minority stockholder of Schenley Industries, Inc. (Schenley). In March, 1967, Schenley engaged in negotiations with P. Lorillard Co. (Lorillard) directed at developing a plan for merging the two companies. After some progress, negotiations were terminated when Lorillard refused to pay the premium allegedly demanded by Lewis Rosenstiel for his substantial ownership interest in Schenley. Subsequently, merger negotiations commenced between Schenley and Glen Alden Corporation (Glen Alden) and in March, 1968, Rosenstiel agreed to sell his interest in Schenley to Glen Alden for $80 per share. At the time the terms of this purchase were announced, Glen Alden stated publicly that an offer would be made to all Schenley common stockholders (including plaintiff) for the purchase of their shares. According to the statement, the proposed offer would consist of a package of cash, debentures, and warrants, a package which Glen Alden asserted was equivalent to the $80 per share paid to Rosenstiel.

On March 28, 1968, shortly after the proposed offer was announced but prior to any actual tender offer, plaintiff commenced an action in this Court[2] against Glen Alden and various individual defendants, most of whom were directors of Schenley, alleging, first, that defendants had misrepresented the true value of the proposed offer and, secondly, that defendants had acted to deprive Schenley stockholders of a more favorable merger with Lorillard. Plaintiff's action was brought on his own behalf and on behalf of the class alleged to consist of all holders of Schenley common stock. The Complaint contained two counts, the first a federal claim based on the violation of § 10(b) and Rule 10b–5, the sec-

---

1. Jurisdiction over the subject matter of plaintiff's action was based on § 27 of the Securities Exchange Act, 15 U.S.C. § 78aa; jurisdiction over the persons of all defendants except Lewis Rosenstiel was obtained by voluntary submission to the Court's jurisdiction and waiver of all defects in service of process. Jurisdiction over the person of Lewis Rosenstiel was never acquired and he is not now before the Court.

2. Plaintiff also commenced similar actions in the Delaware Chancery Court, the Supreme Court of the State of New York, and the District Court for the Southern District of New York.

ond a pendent state claim based on breach of fiduciary obligations.

Not long after plaintiff brought his action in this Court, Glen Alden announced a revision of its proposed tender offer and again asserted that the new terms would be equivalent to Rosenstiel's $80 per share.[3] The revision was made without consulting plaintiff and without plaintiff's approval. Plaintiff remained dissatisfied with the proposed terms and simply amended his complaint to take account of the new proposal.

On August 9, 1968, Glen Alden again revised the terms of its offer and finally made an actual tender offer to Schenley stockholders. The second revision, though executed once more without consulting plaintiff, met plaintiff's approval[4] and plaintiff now concedes that the actual tender offer was made on terms equivalent to Rosenstiel's $80 per share.

Plaintiff no longer presses the damage claims before this Court, conceding that the actual tender offer has made them moot. However, plaintiff asserts by way of petition that, but for his diligence in prosecuting these claims, no revisions would have been made and Schenley stockholders would have suffered damage by virtue of defendants' allegedly fraudulent course of conduct. Thus, plaintiff argues, he has, by his action, created a fund of $20 per share of Schenley common or $83,000,000 out of which he is entitled to recover costs, expenses, and counsel fees. Accordingly, plaintiff now seeks from defendants the sum of $8,300,000—10% of the fund—for those items.

■ The law is well-settled that the success of a claim for attorney's fees[5] depends, in the first instance, on the success or likelihood of success of the underlying lawsuit. Levine v. Bradlee, 378 F.2d 620, 623 (3rd Cir.1967); Globus, Inc. v. Jaroff, supra 279 F.Supp. at 809; Chrysler Corp. v. Dann, 223 A. 2d 384, 386 (Del.Sup.Ct.1966). While there is no requirement that one seeking counsel fees first win a judgment, Globus, Inc. v. Jaroff, supra 279 F.Supp. at 809, the law does require some demonstration of the "meritorious quality" of the underlying action. Levine v. Bradlee, supra 378 F.2d at 623. In situations like the instant case where the underlying suit has been settled or rendered moot, a demonstration that the basic action could have withstood a motion to dismiss on the pleadings at the time the action was filed is sufficient to establish its meritorious quality. Chrysler Corp. v. Dann, supra 223 A.2d at 387. And, conversely, failure to demonstrate that the underlying action could have survived such a motion to dismiss necessitates dismissal of the fee petition. Accordingly, unless it appears that plaintiff's damage action could have withstood a motion to dismiss on the pleadings at the time the action was filed, plaintiff's petition for legal fees must be dismissed.

■ After careful examination of the pleadings filed in plaintiff's damage action, the Court is of the opinion that neither plaintiff's original complaint nor his amended complaint could have survived an appropriate motion to dismiss. Even accepting as true every allegation of the complaints, both pleadings are colored by two fatal defects; namely, failure to allege that plaintiff or the members of his class were defrauded purchasers or sellers and failure to al-

---

3. Plaintiff alleges that the revision represented a $17 per share increase over the original proposed offer.

4. Plaintiff alleges that the second revision represented a $3 per share increase over the first revision or a $20 per share increase over the original proposed offer.

5. Under the circumstances of this case, factors governing award of costs and expenses do not, in the Court's estimation, vary sufficiently from those governing award of attorney's fees to warrant separate treatment. Henceforth, the Court will refer to plaintiff's petition as one for attorney's fees or legal fees, intending thereby to include all elements of compensation sought by the plaintiff.

lege or indicate reliance on the deceptions charged to defendants.

▮ The absence of an allegation that plaintiff or the members of his class were defrauded purchasers or sellers of stock goes to the very heart of § 10(b) and Rule 10b–5 upon which plaintiff's principal claims are based.[6] While the language of Rule 10b–5 outlawing deceptive practices performed "in connection with the purchase or sale of any security" is general, the law has long been clear that:

"* * * [§10(b)] was directed solely at that type of misrepresentation or fraudulent practice usually associated with the sale or purchase of securities rather than at fraudulent mismanagement of corporate affairs, and * * * Rule X–10B–5 extended protection only to the defrauded purchaser or seller." Birnbaum v. Newport Steel Corp., 193 F.2d 461, 464 (2d Cir. 1951), cert. den. 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952).

▮ The Birnbaum rule requiring that the plaintiff in a Rule 10b–5 damage action be a defrauded seller or purchaser of stock still retains its vitality. See Greenstein v. Paul, 400 F.2d 580, 581 (2d Cir.1968); Christophides v. Porco, 289 F.Supp. 403, 406, 408 (S.D. N.Y.1968); Mutual Shares Corp. v. Genesco, Inc., 384 F.2d 540, 547 (2d Cir. 1967).[7] Notwithstanding the vitality of the Birnbaum rule, plaintiff has provided in his pleadings no basis upon which the Court could conclude that plaintiff or the members of his class were sellers or purchasers within the meaning of the law. Since both complaints were drawn prior to Glen Alden's actual tender offer, it is clear that no Schenley stock was sold or purchased pursuant to that offer. And, plaintiff's definition of the class as "holders of the common stock of Schenley" gives fair indication that no class member had yet changed his position. Finally, allegations to the effect that plaintiff and the members of his class could have sold their stock to Lorillard are to no avail since "aborted sellers" are still not sellers within the purview of Rule 10b–5. Keers & Co. v. American Steel & Pump Corp., 234 F.Supp. 201, 203 (S.D.N.Y. 1964).

▮ Plaintiff's pleadings suffer in addition from the absence of any allegations that would indicate reliance on the deceptions charged to defendants. It is well-established that reliance is a required element of a meritorious Rule 10b–5 claim. See Mutual Shares Corp. v. Genesco, Inc., supra 384 F.2d at 547; Rogen v. Ilikon Corp., 361 F.2d 260, 266–267 (1st Cir.1966); List v. Fashion Park Inc., 340 F.2d 457, 462, 463, 22 A. L.R.3d 782 (2d Cir.1965), cert. den. 382 U.S. 811, 86 S.Ct. 23, 15 L.Ed.2d 60 (1965).[8] However, the implication of the pleadings is that neither plaintiff nor any member of his class had yet sold

6. It is true, of course, that the second count in each complaint is based on a state cause of action for breach of fiduciary obligation. However, jurisdiction for that count is pendent and dismissal of plaintiff's federal claims automatically requires dismissal of the pendent claims. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In light of the result reached by the Court, no further mention will be made of the pendent claims.

7. Entel v. Allen, 270 F.Supp. 60, 70 (S.D. N.Y.1967), which anticipates a change in the Birnbaum rule, is not authority to the contrary in light of Greenstein v. Paul, supra 400 F.2d at 581. In addition, plaintiff's reliance on Pappas v. Moss, 393 F.2d 865 (3rd Cir. 1968) as a negation of Birnbaum is misplaced since plaintiff there, while himself a non-seller, nonetheless represented derivatively a corporation which was admittedly a defrauded seller. Here, there is no derivative claim.

8. Vine v. Beneficial Finance Co., 374 F.2d 627 (2d Cir. 1967) cert. den. 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed.2d 460 (1967), is not authority to the contrary. Indeed, the Court there specifically distinguished the fact situation in Vine (short-form merger or forced sale) from those in List and Rogen:

"Whatever need there may be to show reliance in other situations, see List v. Fashion Park, Inc. * * *, Rogen v. Ilikon Corp., * * * we regard it as unnecessary in the limited instance when no volitional act is required and the result of a forced sale is exactly

his stock or changed his position in response to defendants' allegedly deceptive actions—an implication borne out by plaintiff's expressions of satisfaction with the ultimate tender offer and his discontinuance of the damage claims. All of these circumstances surely run counter to the most basic notion of damage by deception.

In light of the two defects discussed, the Court need not examine the "merits" of plaintiff's specific charges of wrongdoing and misrepresentation. It may well be that plaintiff has stated grounds which would have warranted relief in a state court. Nonetheless, plaintiff has failed to establish the basic elements of a meritorious federal claim and thus his pleadings and his petition for costs and fees must fail in this Court.

While the Court's conclusion with regard to plaintiff's underlying claim by itself requires dismissal of plaintiff's fee petition, the Court makes the following observations about the sufficiency of the petition itself:

It has long been a principle of law that:

> "* * * lawyers, who successfully create or preserve a fund in the custody of the court for the benefit of a class, are entitled to reasonable compensation out of the fund. * * * That principle does not extend to the recovery of legal fees from one, not a member of a mutually benefited class, who derives an incidental benefit from litigation. Most assuredly, it does not extend to the imposition of legal fees upon an adverse party out of whose resources the alleged fund has been created." Ballwanz v. Jarka Corp. of Baltimore, 382 F.2d 433, 435 (4th Cir.1967).

See also Trustees v. Greenough, 105 U.S. 527, 532–533, 26 L.Ed. 1157 (1882); Jones v. Uris Sales Corp., 373 F.2d 644, 648–649 (2d Cir.1967).

Plaintiff here purports to be seeking legal fees from a fund alleged to have been created by his efforts. However, plaintiff fails in a number of ways to meet the essential elements of the law governing his claim. In the first place, plaintiff's fee petition is directed against the defendants in the underlying damage action, including defendant Glen Alden. Thus, plaintiff is seeking legal fees from "an adverse party out of whose resources the alleged fund has been created" and from parties in no way benefited by the creation of the fund. In the second place, plaintiff's claim against defendants is not in fact a claim against the $83,000,000 fund identified by plaintiff, since any judgment against defendants for fees would in no way affect the obligation of certain defendants to pay the full terms of the tender offer for all shares tendered. Thus, Glen Alden could pay the entire $83,000,000 to Schenley stockholders and still remain fully bound by the judgment for fees.

Finally and fundamentally, plaintiff has failed to establish the existence of a fund. For legal purposes, at least, a "fund" is defined as the measurable financial benefit conferred upon a specified group of persons possessing a common cause of action (class) by the efforts of one or more members of that group. In the instant case, plaintiff has failed to establish either the existence of a proper class or the existence of any measurable financial benefit. As to the "class," plaintiff asserts that he is a member of and represents the "class" comprised of all present Schenley common stockholders.[9] However, as the Court has explained above, that group of persons, consisting as it does of stockholders who are neither purchasers nor sellers of stock, is not a class with a valid cause of action within the purview of § 10(b) and Rule 10b–5. As to the fi-

that intended by the wrongdoer." 374 F.2d at 635.

The instant case is not a case where no volitional act is required and Vine is clearly not applicable.

9. No attempt has been made by plaintiff to seek a determination that his "class" is a proper one within the meaning of Rule 23, F.R.Civ.P.

nancial benefit, no stockholder can be said to have benefited from an increase in the terms of a tender offer until that stockholder has in fact accepted the offer and sold his stock. Plaintiff's "class" of Schenley stockholders have not, by very definition, sold their stock. Accordingly, plaintiff cannot claim to have conferred a measurable benefit on them or to have created a "fund" with a definite dollar value.

For the foregoing reasons, plaintiff's petition for costs, expenses, and attorney's fees is dismissed. Submit order in accordance herewith.