Alexander KAHAN, on behalf of himself
and all others similarly situated,
Plaintiff,

v.

Lewis ROSENSTIEL et al., Defendants.

Civ. A. No. 3509.

United States District Court,

D. Delaware.

July 28, 1970.

William Prickett and Rodman Ward, Jr., of Prickett, Ward, Burt & Sanders, Wilmington, Del., Bruce W. Kauffman and David H. Pittinsky, of Dilworth, Paxson, Kalish & Levy, Philadelphia, Pa., and Alexander Kahan, New York City, of counsel, for plaintiff.

S. Samuel Arsht, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendants Glen Alden Corp. and Meshulam Riklis.

Richard F. Corroon and Michael D. Goldman, of Potter, Anderson & Corroon, Wilmington, Del., for defendants Dorothy H. and Lewis Rosenstiel Foundation, R. G. Smith, E. R. Deutsche, M. B. Hopkins, D. D. Buscher, H. S. Feldman, Sylvan Oestreicher, J. L. Morris, Theodore Gommi, D. A. Chernow, W. E. Devereaux, Bernard Goldberg, G. D. Kuhn, L. B. Nichols, John Mackie, and Theodore C. Wiehe.

OPINION

CALEB M. WRIGHT, Chief Judge.

The facts of this controversy and the history of the litigation are fully set forth in the earlier opinion of this Court, Kahan v. Rosenstiel, 300 F.Supp. 447 (D.Del.1969), and that of the Court of Appeals, Kahan v. Rosenstiel, 424 F. 2d 161 (3d Cir. 1970), and will not be elaborated herein. Based on the opinion of the Court of Appeals, individual defendants directors of Schenley Industries, Inc. ("Schenley") have moved to dismiss as against them plaintiff's petition for costs and attorneys' fees.

The Court of Appeals held, inter alia, that an award of costs and attorneys' fees against adverse parties is appropriate "when the behavior of a litigant has reflected a willful and persistent 'defiance of the law.'" 424 F.2d at 167. In this case, plaintiff argued, and the Court of Appeals agreed, that "defendants' conduct in settling the suit without consulting plaintiff, his counsel or the court, and thus * * * 'brazenly ignoring Rule 23(e)'" would, if proved, entitle plaintiff to recover costs and attorneys' fees from them. 424 F.2d at 168.

These defendants now argue that, conceding the complaint and petition to state a claim for relief, it does not sufficiently allege their participation in the crucial events to permit their retention in the litigation, and, indeed, that the Court of Appeals so held. They point to the following statement as conclusive of the issue:

> "On the basis of the allegations in the petition and in the complaint there is no indication that any defendant other than Glen Alden, which made the tender offer, and possibly Riklis, Glen Alden's president, prevented the creation of the fund from which plaintiff might be entitled to counsel fees." 424 F.2d at 168.

If the court above had intended it to be the law of this case that these defendants are not chargeable with plaintiff's costs and fees, it would have affirmed as to them this Court's order dismissing the petition. The contentions urged here were presented both on the appeal and in a petition for rehearing. In response to these defendants' request for rehearing based on the abovequoted language, the Court said, "We believe that it is a more orderly procedure for the District Court to consider such a contention." 424 F.2d at 175. Surely the Court of Appeals did not intend for this Court to "consider" the contention without the freedom to grant or deny the motion upon exercise of an independent judgment. The language referred to is to be treated as a helpful observation on an issue not necessary to the decision rendered; it will not be accorded the weight of law.

▮ What the court above made clear is that participation of any defendants in revision of the tender offers which mooted the case in disregard of Rule 23(e) renders them liable for costs and attorneys' fees. Plaintiff's petition charges all defendants with complicity in the events, although perhaps not so clearly as might be desired. Plaintiff's counsel urges that it be permitted to proceed with discovery to establish what it believes to be the cooperation of the Schenley directors with Glen Alden and Riklis in the revisions. It submits by affidavit correspondence tending to show the involvement of those directors and establishing the need for full discovery.

At this point, the Court cannot say that the petition states no ground for relief under any circumstance which could be proved in its support. Accordingly, defendants' motion will be denied. Plaintiff will submit an order in accordance herewith.